WESTERN UNION TELEGRAPH COMPANY *v.* HOLDER.

Opinion delivered February 22, 1915.

1.  TELEGRAPH COMPANIES—MENTAL ANGUISH—INTERSTATE MESSAGE.— There may not be a recovery in this State for damages sustained by reason of mental anguish, caused by the negligent delay of a telegraph company to deliver promptly an interstate message in this State sent from Texas, although a recovery is allowed in this State for mental anguish. .

2.  TELEGRAPH COMPANIES—RIGHT TO CLASSIFY MESSAGES.—Under the rulings of the Interstate Commerce Commission, in an action for damages resulting from the negligent delay of the company in delivering an interstate message to the addressee, the defendant company had the right to classify its messages and charge different rates therefor, and was entitled to have the jury told of this classification, the same being a part of the contract with the sender, and having been approved by the Interstate Commerce Commission.

3.  TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE PROMPTLY—ELE- MENTS OF DAMAGE.—Where a telegraph company negligently failed to deliver, promptly, a message to plaintiff, apprising him of the illness of his daughter, so that he missed a train and was required to take a later one, any physical discomfort suffered by plaintiff in waiting for a train is not an element of damage to be considered by the jury. '

Appeal from Carroll Circuit Court, Western District; *J. S. Maples,* Judge; modified and affirmed.

*George H. Fearons, J. M. Shinn* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.  Recoveries for mental anguish *solely* are not allowable under the interstate act.  234 U. S. 542; 114 Ark. 193; 171 *Id.* 859.  The authority of Congress is supreme. 122 U. S. 347; 105 *Id.* 460; 203 Fed. 140.

2.  The mental anguish sued for is not such as is recoverable under the Arkansas statute. ' 83 Ark. 39.

*Wade H. James,* for appellee.

There is no error in the instructions, and the verdict is not excessive.  38 Cyc. 1612; 82 Ark. 164; 151 S. W. (Tex.) 904; 85 Ark. 263; 91 *Id.* 475.

KIRBY, J.  This is a suit for damages for mental anguish, alleged to have been caused by the negligence of the telegraph company, in failing to promptly transmit and

deliver the following message from Dallas, Texas, to appellee at his home in Eureka Springs, Arkansas, relative to the condition of his daughter:

"Dallas, Texas, July 16, 1913.

"J. W. Holder, care Mrs. Bettie Burkey, 60 Paxton Street, Eureka Springs, Ark.

"Lula grew worse at 8 A. M. Is unconscious. Don't be alarmed, but if you want to see her alive, I would not take chances, but I would come at once. Ed and I are with her. Wire me if you are coming, or not. Edith at home. 'Phone her.

"Joseph W. Allen."

The daughter was quite ill, as the result of childbirth, at a sanatorium in Dallas, and the message was filed for transmission by her brother-in-law with the company, at about 2 P. M. It did not reach the appellee until 7:35 o'clock of that evening, although it was received at 4:40, too late for him to catch the 8:30 train out that night, and make the best connection to Dallas, thus causing a delay in reaching the bedside of his daughter of thirteen hours. The daughter remained unconscious for two or three days and recovered.

The telegraph company denied the allegations of the complaint, and set up in paragraph 2 of its answer that the message was delivered and accepted by it, subject to certain terms and conditions in writing; that the defendant should not be liable for mistakes or delays in the transmission or delivery, or for nondelivery of any unrepeated message beyond the amount received for sending the same; that this was an unrepeated message for the sending of which it was only paid fifty cents, that the message was interstate, and as such, was interstate commerce, that by its rules it was authorized to classify messages and to limit its liability when so classified, and that according to the contract and classification of messages, could not be held responsible for damages in a greater sum than $50 under its reasonable rules; that the classification was known to and approved by the Interstate Commerce Com-

mission and under the stipulations of the contract, its liability should not exceed the sum of fifty cents, and in any event the sum of $50, with interest.

(1)  The testimony is sufficient to show that there was negligent delay at the point of destination in the delivery of the message, which delayed appellee thirteen hours in reaching the bedside of his unconscious daughter, and that he suffered great mental anguish on account thereof. The message was an interstate one from a point in Texas, where the laws of the State allow mental anguish as an element of damage for the failure to deliver messages of the kind, to appellee in this State where the law likewise permits the recovery of damages for mental anguish. The contract was made for the benefit of the sendee or addressee of the message, who was a party thereto, and entitled to sue for damages arising from the negligent delay in delivering same. *Western Union Tel. Co.* v. *Compton,* 169 S. W. (Ark.) 946, 114 Ark. 193.

The court sustained a demurrer to the paragraph of appellant's answer, setting out its rule limiting its liability for unrepeated messages, such as this was, to not exceeding fifty times the amount charged for sending same, and in any event, to not more than $50, which it is contended was error.

It is insisted further that the message being an interstate one, our statute allowing the recovery of damages for mental anguish for the negligent failure to transmit and deliver same, is a burden upon interstate commerce, beyond the power of the State to impose.

In *Western Union Tel. Co.* v. *Compton, supra,* this court, after affirming a judgment for damages for mental anguish, on rehearing reversed same and reduced the judgment to $50, following the authority of the Supreme Court of the United States in *Western Union Tel. Co.* v. *Brown,* 234 U. S. 542, 58 L. Ed. 1457.

In a later case of *Western Union Tel. Co.* v. *Johnson,* 115 Ark. 564, 171 S. W. (Ark.) 859, a suit for damages for mental anguish for the failure to deliver a telegram sent from Arkansas to Mississippi, the court followed

the doctrine of the *Compton* case, and held that damages for mental anguish occasioned by the failure of a telegraph company to transmit or deliver a message, an interstate one, could not be recovered, following the Supreme Court of the United States in its determination that a statute providing for the recovery of mental anguish in such cases was an attempt to regulate the conduct of telegraph companies in transmitting messages from one State to another in interstate commerce.

The majority of the court is of opinion that this case is not distinguishable from that of *Western Union Tel. Co.* v. *Brown,* notwithstanding the fact that each State, the one from which the message was sent as well as the one where it was delivered, provide by statute for the recovery of damages for mental anguish for the negligent failure to transmit and deliver such messages.

(2)    The telegraph company was entitled therefore to have its defense of a limited liability because of its rules, which were part of the contract, heard, the interstate commerce act, providing that the Commerce Commission has authority to regulate the rates and practices of telegraph companies. The telegraph company had the right to classify its messages and charge different rates therefor, and was entitled to have the jury told that its rule making such classification and giving day messages a preference in transmission and delivery over day letters, was a reasonable one. There is enough negligence shown in the failure to deliver the telegram to the sendee, who had been a resident of the city for more than thirty years, and was in business within 200 yards of its office, to justify the awarding of any damage that could be recovered under the company's rules, which became a part of the contract, and the agent having testified that the price of transmission of the message was seventy-five cents, appellee could recover fifty times the amount thereof, if it did not exceed the sum of $50. The appellant only claimed in its pleading, the demurrer to which should have been overruled, the right to the limitation of its liability as prescribed by its rules, and the judgment

should not have been for more than fifty times the price of the message, or $37.50.

(3)  We do not agree with appellee's contention that any physical discomfort and suffering from a cold, claimed to have been contracted while waiting for the train at Fort Smith, was a proper element of damage, as resulting proximately from the delay in the delivery of the message in the first instance, and causing said appellee to take another train that required the stop-over at Fort Smith.  There was no notice to the company that would apprise it that any such injury might result from the delay in the delivery of the telegram.  The judgment is reduced to said amount that could be recovered under the terms of the contract—$37.50—and as modified, will be affirmed.  It is so ordered.