8174

GEORGE BAKER,
 Appellant

 vs No. 8174.

WESTERN UNION TEL. CO.

January 2nd, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED JAN 2/22
J. J. Stansbury

8174

GEORGE BAKER,
 Appellant

 vs No. 8174.

WESTERN UNION TEL. CO.

## CHARLES F. CLAIBORNE, JUDGE.

This is a suit by an addressee for failure of the Telegraph Company to deliver a telegram to him.

The plaintiff alleges that a telegram was sent from the office of the defendant Company at Biloxi, Mississippi, addressed to him at his home in the City of New Orleans, in the following words:

"Mother very sick, come at once";

that said telegram was not delivered to his home; that he was informed only on the next day by telephone of his mother's illness; that he left the City by the first possible train, but arrived in Biloxi after his mother had died; that if he had received the telegram in time he would have been able to reach Biloxi before his mother's death; that in consequence thereof he suffered poignant grief and sorrow for which the defendant owes him $2000.

The defendant excepted that the plaintiff's petition disclosed no right or cause of action.

The exception was maintained, plaintiff's suit dismissed, and he has appealed.

Plaintiff's cause of action is designated in law as "mental anguish". Under the jurisprudence of Louisiana it is recognized. 109 La. 1030; 112 La. 1085 (1091); 118 La. 447;(452); 119 La. 72; (82); 120 La. 1010 (1025); 144 La. 724 (730); 116 La. 1020; and specially Graham vs Western Union Telegraph Co. which is identical with this case.

But the common law and the Federal Courts recognize no

right of recovery for mental pain, anxiety, anguish or suffering, or injury to feelings alone, - when unaccompanied by injury to person or property, health or reputation. 144 La. 730. Southern Express Co. vs Byers 240 U. S. 615; 44 Fed. Rep. 554; 126 Fed. 295; So. Law Quarterly, April 1917 p 158; 31 Cyc 1712. *17 C.J. 831*

By Act approved June 18th, 1910, Congress amended Section 1 of the Interstate Commerce Act of 1887 as follows:

Section 1: "The provisions of this Act shall apply to x x x telegraph, telephone, and cable companies (whether wire or wireless) engaged in sending messages from one state to any other state, territory, or district of the United States or to any foreign country, which shall be considered and held to be common carriers within the meaning x x x of this act".

In Western Union Telegraph Co. vs Pendleton 122 U. S. 347, the Supreme Court said that a statute of Indiana regulating the delivery of messages by telegraph companies was in conflict with that clause of the Constitution vesting in Congress the power to regulate commerce.

In Western Union Telegraph Company vs Commercial Milling Co. 218 U. S. 406, the same Court said:

"Intercourse between the States by telegraph is interstate commerce",

and affirmed the Pendleton case. This decision was rendered in 1910.

In that case the Court quoted from 169 U. S. 133 the following language:

"So long as Congress has not legislated upon the particular subject, they are rather to be regarded as legislation in aid of such commerce, and are a rightful exercise of the police power of the State to regulate the relative rights and duties of all persons and corporations within its limits". p 418.

In Western Union Telegraph Co. vs Brown, 234 U. S. 542, a message was delivered to the defendant in Carolina addressed to the plaintiff in Washington, purporting to inform him that his sister had died that morning. The message was never delivered. The plaintiff sued for mental anguish under a statute of Carolina. The Court held that the statute was objectionable as an attempt to regulate commerce among the States, citing the Pendleton and Commercial Milling Co. cases.

The Postal Telegraph Co. vs Warren 251 U. S. 27 involved the validity of a law of Mississippi denying the right of a telegraph Company to limit its liability unless the message was repeated. The Court said:

> "But we need pursue the subject no further, since, if not technically authoritative by controlled, it is in reason persuasively settled by the decision of the Interstate Commerce Commission in dealing in the case above cited (Clay County Produce Co. vs Western Union Telegraph Co. 44 I. C. C. 670) with the very question here under consideration as the result of the power conferred by the act of Congress of 1910; by the careful opinion of the Circuit Court of Appeals of the Eighth Circuit dealing with the same subject (Gardner vs Western U. T. Co. 231 Fed. Rep. 405); and by the numerous and conclusive opinions of State Courts of last resort which in considering the Act of 1910 from various points of view reached the conclusion that that Act was an exertion by Congress of its authority to bring under federal control the interstate business of telegraph companies and therefore was an occupation of the field by Congress which excluded State action". Quoting numerous authorities.

In addition to the cases quoted by that Court, the counsel for the defendant has quoted 174 S. W. 552; 192 S. W. 70; 93 S. E. 465; and 96 S. E. 248.

In Western Union Telegraph Co. vs Speight advance sheets
of the United States Supreme Court reports volume 254 No. 1 p 17,
the plaintiff sued

"for mental suffering caused by a mistake in delivering
a telegraphic message"

reading:

"Father died this morning; funeral to-morrow 10.10 A.M.".
The message was transmitted through Carolina and Virginia.

The Company defended

"on the ground that the message was sent in interstate
commerce, and that therefore a suit could not be main-
tained for mental suffering alone. Southern Express Co.
vs Byers 240 U. S. 612".

The trial judge ordered a non-suit, which was affirmed by the
Supreme Court of the United States.

IN Western Union Telegraph Co. vs Holden, 174 S. W. 552,
the Court said that statutes permitting recovery for mental suf-
fering for delay in delivery messages were void as attempts by
the State to regulate interstate commerce.

In Western Union Telegraph Co. vs Lee 192 S. W., the Court
rejected plaintiff's demand for damages for mental anguish for
failure to deliver death message, the Act of June, 1910 not per-
mitting such recovery.

In Norris vs Western Union Telegraph Co. 93 S. E. 465,
the syllabus reads:

"The addressee of an interstate message cannot recover
damages for mental anguish as resulting from the defen-
dants' negligence in failing to deliver the message,
since Congress has taken over the regulation of interstate
commerce, and the Federal Courts having held that such
damages are not recoverable, the Courts of Carolina must
follow such holding".

In Berg vs Western Union Telegraph Co. 96 S. E. 248, the

Court said:

> "The federal law does not recognize mental anguish
> as an element of damages in actions against the tele-
> graph companies for failure to deliver messages".

We therefore come to the conclusion that inasmuch as claims for mental anguish are not recognized by Federal Courts, and inasmuch as the obligations of telegraph companies are determined by the jurisprudence of Federal Courts, plaintiff's petition disclosed no cause of action, and was properly dismissed by the judgment of the district Court, which is therefore affirmed.

January 2d, 1922.

Rehearing granted 2/13/22