WESTERN UNION TELEGRAPH COMPANY *v.* BROWN.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 355.    Argued May 5, 1914.—Decided June 22, 1914.

A recovery in one jurisdiction for a tort committed in another must be based on the ground of an obligation incurred at the place of the tort which is not only the ground, but the measure, of the maximum recovery.

A State cannot legislate so as to affect conduct outside of its jurisdiction and within territory over which the United States has exclusive jurisdiction.

A State may not determine the conduct required of a telegraph company in transmitting interstate messages by determining the consequences of not pursuing such conduct in another State.

The statute of South Carolina making mental anguish caused by the negligent non-delivery of a telegram a cause of action is, as applied to telegrams the negligent non-delivery of which occurred in the District of Columbia, an unconstitutional attempt to regulate conduct within territory wholly under the jurisdiction of the United

States; such statute is also unconstitutional, as to messages sent from that State to be delivered in another State, as an attempt to regulate interstate commerce.

92 So. Car. 554, reversed.

·THE facts, which involve the constitutionality of a statute of the State of South Carolina in regard to negligent non-delivery of telegraph messages, are stated in the opinion.

*Mr. Rush Taggart* and *Mr. Francis Raymond Stark,* with whom *Mr. George E. Fearons* and *Mr. Julian Mitchell* were on the brief, for plaintiff in error:

The statute is unconstitutional, as to interstate messages at least, under the commerce clause, where there has been no breach of duty by the telegraph company within the State. In this case there was no breach in South Carolina.

The message was interstate commerce and not subject to regulation by the State of South Carolina.

Any statute is an invalid regulation of interstate commerce which imposes a liability outside of that created by the contract and unknown to the common law for an act or omission occurring in the course of interstate transportation or transmission entirely outside the borders of the State. *West. Un. Tel. Co.* v. *Commercial Milling Co.,* 218 U. S. 406, distinguished.

This principle has been constantly recognized in other than telegraph cases. *Adams Exp. Co.* v. *Croninger,* 226 U. S. 500; *Birkett* v. *West. Un. Tel. Co.,* 103 Michigan, 361; *Chicago &c. R. R.* v. *Polt,* 232 U. S. 165; *Chicago &c. Ry. Co.* v. *Solan,* 169 U. S. 133; *Hanley* v. *Kansas City So. Ry. Co.,* 187 U. S. 617; *Jacob* v. *West. Un. Tel. Co.,* 135 Michigan, 600; *Mo. Pacific Ry. Co.* v. *Kansas,* 216 U. S. 262; *Penna. Ry. Co.* v. *Hughes,* 191 U. S. 477; *Stoutenburgh* v. *Hennick,* 129 U. S. 141; *West. Un. Tel. Co.* v. *Carew,* 15 Michigan, 525; *West. Un. Tel. Co.* v. *Commercial Mill.*

Co., 218 U. S. 406; *West. Un. Tel. Co.* v. *Crovo*, 220 U. S. 364; *West. Un. Tel. Co.* v. *James*, 162 U. S. 650; *West. Un. Tel. Co.* v. *Pendleton*, 122 U. S. 347; *Yazoo &c. Ry. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217.

The statute is unconstitutional because conflicting with the exclusive legislative power of Congress in the District of Columbia. *West. Un. Tel. Co.* v. *Chiles*, 214 U. S. 274; *West. Un. Tel. Co.* v. *Greer*, 115 Tennessee, 368; *West. Un. Tel. Co.* v. *Snodgrass*, 94 Texas, 283.

*Mr. Frank J. Hogan*, with whom *Mr. W. Turner Logan* and *Mr. John P. Grace* were on the brief, for defendants in error:

The statute in no way contravenes the Federal Constitution. *Atchison, Topeka &c. R. R.* v. *Matthews*, 174 U. S. 96, 100; Cooley's Const. Lim. (7th ed.), 255.

The law of the State from which the telegram is sent to the addressee in another State determines whether the addressee may recover for mental anguish caused by negligent failure to deliver or delay in delivering a message at its destination, whether the form of action be *ex contractu* or *ex delicto*. *Bryan* v. *Telegraph Co.*, 133 No. Car. 603; *Cashion* v. *West. Un. Tel. Co.*, 123 No. Car. 267; *Hancock* v. *Telegraph Co.*, 137 No. Car. 497; *Johnson* v. *Telegraph Co.*, 144 No. Car. 410; *Ligon* v. *West. Un. Tel. Co.* (Texas), 102 S. W. Rep. 429; *Lyne* v. *West. Un. Tel. Co.*, 123 No. Car. 129; *Mentzer* v. *West. Un. Tel. Co.*, 93 Iowa, 752; *Markley* v. *West. Un. Tel. Co.*, 151 Iowa, 612; *Reed* v. *West. Un. Tel. Co.*, 135 Mississippi, 861; *Shaw* v. *Postal Tel. Cable Co.* (Miss.), 56 L. R. A. 486; *Stuart* v. *West. Un. Tel. Co.*, 66 Texas, 580; *Whitehill* v. *West. Un. Tel. Co.*, 136 Fed. Rep. 499, 501; *West. Un. Tel. Co.* v. *Woodard*, 84 Arkansas, 323; *West. Un. Tel. Co.* v. *Henderson*, 89 Alabama, 510; *West. Un. Tel. Co.* v. *Frith*, 105 Tennessee, 167; *West. Un. Tel. Co.* v. *Waller*, 96 Texas, 589; *West. Un. Tel. Co.* v. *Young* (Tex.), 121 S. W. Rep. 226,

228; *West. Un. Tel. Co.* v. *Sloss* (Tex.), 100 S. W. Rep. 354; *West. Un. Tel. Co.* v. *Buchanan*, 35 Tex. Civ. App. 437; *West. Un. Tel. Co.* v. *Anderson* (Tex.), 78 S. W. Rep. 34; *West. Un. Tel. Co.* v. *Lacer* (Ky.), 93 S. W. Rep. 34; Bigelow's Leading Cases, p. 622; Jones on Tel. and Tel. Companies, § 598; Joyce on Electric Law, § 825; 2 Shearman & Redfield on Negligence, 5th ed., § 543; Thompson on Electricity, § 427; 41 L. R. A. (N. S.) 223, note.

It is the rule that in tort actions the law of the place where the injury was sustained, rather than the place where the negligence occurs, obtains. *Beacham* v. *Portsmouth Bridge*, 68 N. H. 382; *Bigby* v. *United States*, 188 U. S. 400, 408; *B. & O. So. West. Ry.* v. *Reed*, 158 Indiana, 25; *Cameron* v. *Vandergrift*, 53 Arkansas, 381; *Ex parte Phenix Ins. Co.*, 118 U. S. 610; *Herman* v. *Port Blakely Mill Co.*, 69 Fed. Rep. 648; *Johnson* v. *Elevator Co.*, 119 U. S. 388; *Le Forest* v. *Tolman*, 117 Massachusetts, 109; *Mexican Cent. Ry. Co.* v. *Gehr*, 66 Ill. App. 173; *Michael* v. *Kansas City Ry. Co.* (Mo.), 143 S. W. Rep. 67; *P. C. C. & St. L. Ry.* v. *Austin, Admr.*, 141 Kentucky, 722; *Pendar* v. *H. & B. Machine Co.* (R. I.), 87 Atl. Rep. 1; *Randolph's Admr.* v. *Snyder*, 139 Ky. 159; *Railroad Company* v. *Becker*, 67 Arkansas, 1; *Railroad Company* v. *Doyle*, 60 Mississippi, 977, 984; *Rundell* v. *La Compagnie Generale*, 100 Fed. Rep. 655; *Smith* v. *Southern Railway*, 87 So. Car. 136; *Sullivan* v. *Old Colony Street Ry.*, 200 Massachusetts, 303, 308; *The Plymouth*, 3 Wall. 20, 36; Bouvier's Law Dic., Tort, p. 650; Mr. Justice Holmes in 10 Harv. Law Rev. 471; 56 L. R. A. 216, note.

A State acting within its police powers may pass laws designed for the protection of persons within its borders, although such laws incidentally affect interstate commerce, provided Congress has not legislated upon the subject, and it is one not purely national in its nature. *Ivy* v. *West. Un. Tel. Co.*, 165 Fed. Rep. 371; *West. Un. Tel. Co.* v. *James*, 162 U. S. 650; *West. Un. Tel. Co.* v.

*Commercial Milling Co.*, 218 U. S. 406; *West. Un. Tel Co.* v. *Crovo*, 220 U. S. 364.

The statute in controversy in no way attempts to regulate interstate commerce. *West. Un. Tel. Co.* v. *Pendleton*, 122 U. S. 347, is not applicable and *West. Un. Tel. Co.* v. *Commercial Milling Co.*, 218 U. S. 406, is.

The statute does not deny to telegraph companies the equal protection of the laws.

The statute does not conflict with the exclusive power of the Congress in the District of Columbia.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of tort brought by the party to whom a telegraphic message was addressed. The message was delivered to the Company in South Carolina, addressed to the plaintiff in Washington, D. C., and read "Come at once. Your sister died this morning.' It was forwarded without delay to Washington; but there, through negligence as the jury found, was not delivered. The declaration alleges that the failure caused the plaintiff to miss attending her sister's funeral in South Carolina, and subjected the plaintiff to mental anguish, which of itself is made a cause of action by a statute of South Carolina. Civil Code, 1902, § 2223. The defendants in error state that the action was brought under this section. There was a trial at which, by the instructions to the jury, a recovery was allowed under the act for the negligence in Washington irrespective of the law prevailing here. The jury found a verdict for $750, which was sustained by the Supreme Court of the State. 92 So. Car. 354. The plaintiff in error saved its rights under the Constitution of the United States (so plainly that it is not necessary to discuss the matter) and brought the case here.

Whatever variations of opinion and practice there may

have been, it is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground but the measure of the maximum recovery. *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120, 126. *Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473, 478, 480. (A limitation of liability may stand on different grounds. *The Titanic*, 233 U. S. 718.) The injustice of imposing a greater liability than that created by the law governing the conduct of the parties at the time of the act or omission complained of is obvious; and when a State attempts in this manner to affect conduct outside its jurisdiction or the consequences of such conduct, and to infringe upon the power of the United States, it must fail. The principle would be illustrated by supposing a direct clash between the state and Federal statutes, but it is the same whenever the State undertakes to go beyond its juridiction into territory where the United States has exclusive control. *Western Union Telegraph Co.* v. *Chiles*, 214 U. S. 274; see also *Western Union Telegraph Co.* v. *Commercial Milling Co.*, 218 U. S. 406, 416.

What we have said is enough to dispose of the case. But the act also is objectionable in its aspect of an attempt to regulate commerce among the States. That is, as construed, it attempts to determine the conduct required of the telegraph company in transmitting a message from one State to another or to this District by determining the consequences of not pursuing such conduct, and in that way encounters *Western Union Telegraph Co.* v. *Pendleton*, 122 U. S. 347, a decision in no way qualified by *Western Union Telegraph Co.* v. *Commercial Milling Co.*, 218 U. S. 406.

*Judgment reversed.*