WESTERN UNION TELEGRAPH COMPANY v. JOHNSON.

Opinion delivered December 7, 1914.

TELEGRAPH COMPANIES—MENTAL ANGUISH—INTERSTATE MESSAGE.—There
can be no recovery for mental anguish suffered for failure to de-
liver a telegraph message, when the message is an interstate one.
(*Western Union Tel. Co. v. Brown*, 234 U. S. 542.)

Appeal from Crittenden Circuit Court; *W. J. Driver,*
Judge; reversed.

*Geo. H. Fearons* (of New York), *Chas. H. Todd* and
*Rose, Hemingway, Cantrell & Loughborough,* for ap-
pellant.

1.    This was an interstate message and no recovery
can be had. *Western Union Tel. Co.* v. *Compton,* ms. op.;
180 U. S. 1; 172 *Id.* 475.

*L. P. Berry* and *S. V. Neely,* for appellee.

*Western Union Tel. Co.* v. *Brown,* 180 U. S. 1,
does not determine this case. 38 L. R. A. 40. See, 100
S. W. 974; 33 Ark. 350; 79 Ark. 448; 82 *Id.* 96; 93 *Id.* 415;
37 Cyc. 1664-1669.

In 50 A. L. R. 9, every contention of appellee was sus-
tained.

SMITH, J.    On the 23d day of March, 1913, appellee
sent, from appellant's office at Earle, Arkansas, to one
W. T. Ratcliff, at Blue Mountain, Mississippi, the follow-
ing telegram:

"Dear homefolks: Our little Pauline died at mid-
night. We will be home on evening train via Middleton.
Have everything prepared."

Mr. Ratcliff was the grandfather of the little child,
and failed to make any arrangements for the funeral be-
cause the telegram was never delivered. And, as a result
of this failure to deliver the telegram, certain circum-
stances arose causing mental anguish. A charge of eighty
cents was made and paid for the transmission of the mes-
sage, but no recovery of that money was asked.

The evidence in this case is sufficient, at least, to
raise the question of negligence on the part of the tele-

graph company in the failure to deliver the telegram and to have supported a finding that mental anguish, to compensate which this action was brought, was suffered as a result of this failure. In such cases we have heretofore sustained judgments for damages in cases free from prejudicial error; but hereafter such recoveries can not be sustained where the message is an interstate one. This is true because the Supreme Court of the United States is the final arbiter in all matters relating to commerce between the States, and that court has held that such actions can not be maintained.

In the recent case of *Western Union Tel. Co.* v. *Compton,* 114 Ark. 193, we affirmed such a judgment; but while that case was pending before us on a motion for rehearing, the opinion of the Supreme Court of the United States in the case of *Western Union Tel. Co.* v. *Brown,* 234 U. S. 542, was handed down.

Following the opinion in the *Brown* case, as we were required to do, a rehearing was granted in the Compton case, and in the opinion granting the rehearing, the following language was quoted from the opinion in the *Brown* case:

"What we have said is enough to dispose of the case. But the act also is objectionable in its aspect of an attempt to regulate commerce among the States. That is, as construed, it attempts to determine the conduct required of the telegraph company in transmitting a message from one State to another or to this district by determining the consequences of not pursuing such conduct, and in that way encounters *Western Union Tel. Co.* v. *Pendleton,* 122 U. S. 347, a decision no way qualified by *Western Union Tel. Co.* v. *Commercial Milling Co.,* 218 U. S. 406."

It is true that in the *Compton* case a judgment was entered for $50, but this was done because, under the pleadings in that case, the telegraph company had only sought to limit its liability to that amount. But here there is a denial of any liability, and if it be true, as decided in the *Brown* case, *supra,* that acts of the Legisla-

ture which confer the right to sue for mental anguish are objectionable as an attempt to regulate commerce among the States when applied to interstate messages, then no cause of action arose under the facts in this case—the message being an interstate message.

The judgment of the court below is, therefore, reversed and the cause dismissed.