WESTERN UNION TELEGRAPH COMPANY *v.* SIMPSON.

Opinion delivered February 22, 1915.

TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—MENTAL ANGUISH —INTERSTATE MESSAGE.—While there can be no recovery for mental anguish suffered by plaintiff by reason of a telegraph company's negligence in failing to deliver a message promptly, where the same was an interstate message, still, where the proof shows defendant to have been negligent, the rules of the company, approved by the Interstate Commerce Commission, provide for some liability depending upon the price paid for sending the message.

Appeal from Boone Circuit Court; *George W. Reed,* Judge; reversed.

*Geo. H. Fearons, J. M. Shinn* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.   The address of the message was defective, and it was delivered as soon as possible. There is no proof of negligence.

2.   This was an interstate message, and there can be no recovery.   234 U. S. 542; 169 S. W. 946; 171 *Id.* 859.

3.   Conflicting instructions should not be given.   95 Ark. 506.

*Troy Pace*, for appellee.

1. Negligence was established upon the part of appellant in its failure to deliver as the law required. 55 Am. Dec. 678; 1 Whart. on Ev., § 367; 81 N. Y. 532; 91 Ark. 483; 82 Ark. 128; 100 *Id.* 301; 101 *Id.* 492.

2. Though the message was interstate, appellee is entitled to recover, and the Arkansas mental anguish statute is not a burden on interstate commerce. 114 Ark. 193; 234 U. S. 542.

SMITH, J. This was an action to recover damages for the mental anguish suffered by appellee occasioned by appellant's failure to promptly transmit and deliver the following message:

"Mr. S. S. Simpson, Frisco, Texas, care of Martin Epply. The baby is sick. Come at once. Mary Simpson."

Mr. and Mrs. Simpson lived in the country near Harrison, Arkansas, and Mr. Simpson had gone to Frisco, Texas, to arrange for the sale of some apples. The child mentioned in the telegram became very seriously ill on the 17th of October, 1912, and Mrs. Simpson caused the message above set out to be telephoned over to Harrison, where it was received by the telephone operator, and by her transmitted by telephone to the appellant's agent in that city. The message was delivered at appellant's office in Harrison at about 2 o'clock in the afternoon, and the baby died between 4 and 5 the same day. The message was promptly transmitted to Frisco, but was not promptly delivered, and as a result of this delay, appellee testified that he was prevented from being at home with his wife while preparations were being made for the funeral of their child, and that but for this delay he would have arrived at his home twenty-four hours earlier than he did. It is not contended that had the message been promptly delivered, appellee could have arrived at his home before the death of his child, but the proof shows that he could have arrived there sooner than he did, and in time to have made arrangements for the burial of his child in the family grave yard at Danville, in this State, near his old home, and as a result of this delay he is shown to have suffered mental anguish.

This message, as received at Frisco, Texas, was addressed in care of M. L. Etley, and the responsibility for this error in the address is one of the principal questions of fact in the case. Appellant undertook to show that the directions for the address of the message was received over the telephone by its agent at Harrison was, in fact, in care of M. L. Etley, and not in care of M. L. Epply. The proof on this question, however, is conflicting, and the jury might have found from it that the error occurred in the transmission of the message by appellant, and that it was one for which appellant's agents were responsible. However, the proof tends to show that this mistake was not the cause of the delay in the delivery of the message. The evidence is to the effect that the agent at Frisco was a new man at that place and unacquainted with Mr. Epply, and that he made but little, if any, effort to deliver the message. At the time of the receipt of the message at Frisco, appellee was in a neighboring town, but the proof is that Frisco is a small town of about 700 people, and that Mr. Epply had resided there for twelve years, and was personally acquainted with every resident of the town, and that had any real inquiry been made, the similarity of the names would have insured the delivery of the message to Mr. Epply, and that he could, and would, have promptly transmitted it to appellee.

Prior to the decision of the Supreme Court of the United States in the case of *Western Union Telegraph Company* v. *Brown,* 234 U. S. 542, 58 L. Ed. 1457, recoveries were permitted by this court where the sole cause of action was mental anguish, even though the message out of which the cause of action arose was an interstate one. But, as we have interpreted that decision, such recoveries can not now be sustained to the full extent of such damages. *Western Union Telegraph Co.* v. *Compton,* 114 Ark. 193, 169 S. W. 946; *Western Union Telegraph Co.* v. *Johnson,* 115 Ark. 564, 171 S. W. 859.

However, the telegraph company is not wholly absolved from liability where it fails to promptly deliver such messages. The rules of such companies, when approved by, and which have been approved by, the Inter-

state .Commerce Commission, prescribe what this liability shall be, it depending upon the price paid for the message. A judgment can not now be rendered here for this amount because the proof does not show the amount paid for the transmission of the message, and the judgment must be reversed for the development of that feature of the case. This action was not taken in the case of *Western Union Telegraph Co.* v. *Johnson, supra,* for the reason that the point was not called to our attention. The sole question there considered was the application of the doctrine of *Western Union Telegraph Co.* v. *Brown, supra,* to the facts of that case.

We think the proof legally sufficient to support a finding that appellant negligently failed to deliver the telegram, and that no error was committed in the instructions given, except the submission of the question of the mental anguish sustained by appellee, under instructions which permitted a recovery of such sum as damages as would fully compensate that suffering. But, for this error, the judgment must be reversed and the cause remanded for further proceedings in accordance with this opinion.