WESTERN UNION TELEGRAPH COMPANY *v.* CRAIN.

## Opinion delivered March 29, 1915.

TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—DUTY OF PLAINTIFF.—When plaintiff receives a message telling of the illness of a member of his family, and a reply message sent by him to ascertain the condition of his relative was undelivered because the addressee lived outside the free delivery limits of the telegraph company, and the defendant company apprised plaintiff of these facts, it will be held that a duty rested upon plaintiff to make further efforts to communicate with his relations, and when he failed to do so, he will be barred from a recovery against the defendant for damages growing out of defendant's failure to deliver his message.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; reversed.

*George H. Fearons* and *Martin, Wootton & Martin,* for appellant.

There can be no recovery in this case because the message was interstate, and because appellee's own negligence would preclude a recovery, even if the Arkansas mental anguish statute were not void as to interstate messages. *Western Union Tel. Co.* v. *Brown,* U. S. Sup. Ct., June 22, 1914; 171 S. W. (Ark.) 859; 54 S. W. (Ky.) 825; 102 Ark. 246.

*C. Floyd Huff,* for appellee.

HART, J. Clever Crain instituted this action against the Western Union Telegraph Company to recover damages for mental anguish alleged to have been sustained by reason of the negligence of the defendant in failing to deliver a telegram from him to his sister, requesting that she notify him of his mother's condition. The jury returned a verdict for the plaintiff, and the defendant has appealed. The facts are as follows:

On the 28th day of June, 1912, the plaintiff, Clever Crain, was working at the Kentucky Club in Hot Springs, Arkansas, and between 7 and 8 o'clock P. M. on that day he received the following telegram:

"Appleby, Texas, June 28, 1912.
"Clever Crain, 331 Laurel Street, Hot Springs, Ark.

"Come home at once. Your mother is very low. Be sure and come.

"Denis Crain."

Denis Crain was a brother of the plaintiff. Plaintiff at once telephoned the defendant company to send him a messenger boy, and soon afterward a messenger boy called at his residence and plaintiff told him he wanted to send a message to Appleby, Texas, and wanted to pay the charges. The messenger boy told him the message would cost forty cents, and that it would cost fifty cents to deliver the message out from Appleby, and that it would be delivered the next morning. The evidence of defendant tended to show that the messenger boy had no authority to contract for the delivery of the message outside of its

delivery limits at Appleby. The plaintiff then sent the message sued on, which is as follows:

"Kitty Crain, Appleby, Texas.

"Send word at once of condition, unable to come, though if worse, will try; can not leave for connection until Sunday morning.

"Clever Crain."

Appleby is a small town of between two and three hundred inhabitants, and Kitty Crain, a sister of the plaintiff, lived about three or three and a half miles from that place. The family of the plaintiff had lived there many years, and was well known in the town of Appleby.

The message sued on was delivered to the defendant company at its office in Hot Springs on the afternoon of June 28, which was Friday. On Saturday, June 29, at 1:50 P. M., the following message was delivered at plaintiff's home:

"Hot Springs, Arkansas.

"Your night letter 28th, Crain signed same, undelivered. Party in country three miles. Copy mailed."

The message was delivered to the plaintiff's wife, and was given to him on his return home that evening. After the receipt of this message, plaintiff did not wire his sister, and did not pay any further attention to the matter. His mother died on Monday, the first day of July, 1912, between 6 and 7 o'clock in the morning. She was buried on the following Tuesday between 2 and 3 o'clock in the afternoon.

The residence of the plaintiff's family in the country was outside the free delivery limits of the telegraph company's office at Appleby, and the telegram sent by the plaintiff was placed in the postoffice at Appleby, and was received by Kitty Crain at her home on Tuesday, July 2, between 8 and 9 o'clock A. M. The mail service leaves Appleby between 7 and 7:15 o'clock A. M., and passes the home of the Crains between 8 and 9 o'clock each morning, except Sunday.

Plaintiff could have left Hot Springs on any day at 7:15 A. M. and arrived at a station within three miles of

his mother's home in Texas between 1 and 2 o'clock A. M. on the next morning. Under the facts and circumstances adduced in evidence, we do not think the plaintiff was entitled to recover.

Under the principles of law announced in the case of *Western Union Tel. Co.* v. *Ivy*, 102 Ark. 246, if the plaintiff, after he received the notice on Saturday, the 29th day of June, that his message had not been delivered because the addressee lived in the country, failed to exercise that degree of care to ascertain the condition of his mother before her death or burial that an ordinarily prudent person would have used under similar circumstances, his failure to use such diligence contributed directly and proximately to his failure to see his mother before her death or to be present at her burial, and the jury should have found for the defendant.

The message received by the plaintiff from his brother on June 28, told him to come home at once, that his mother was very low, and to be sure to come. This message on its face told him that his mother's condition was hopeless and indicated that there was very little possibility of her recovery.

The plaintiff states that he did not start at once because his laundry was out, and on that account it was not convenient for him to go; and that the season at Hot Springs was about ended, and he did not wish to return. On this account, he contends, he sent the message sued on to ascertain more definitely her condition. Even when he received the message on the next day, saying that his message was undelivered because the addressee lived in the country, he did not make any effort whatever to communicate with his sister again, but relied on the delivery of his first message. He knew from the message his brother had sent him that his mother's death was imminent; yet he waited for an answer to his message, knowing that it had not been delivered. Under these circumstances, reasonable minds must have come to the conclusion that, notwithstanding the defendant might have been negligent, the mental anguish of the plaintiff might have

been avoided by the exercise of reasonable diligence and ordinary care on his part, and his failure to exercise such care and diligence will bar a recovery under the facts of this case.

The plaintiff paid for the transmission of the message sued on, but no recovery of that money is asked. The defendant company denied any liability. Therefore, under the authority of the *W. U. Tel Co.* v. *Johnson,* 115 Ark. 564, 171 S. W. 859, the judgment of the court below is reversed and the cause dismissed.