# Western Union Telegraph Co. *v.* Hawkins.

### Failure to Deliver Telegram.

(Decided November 16, 1916. Rehearing denied January 18, 1917. 73 South. 973.)

1. **Commerce; Federal Power; State Legislation.**—The amendment to the Interstate Commerce Act (Act June 29, 1906, c. 3591, 34 Statutes 584, Compiled Statutes 1913, §§ 8563, et seq.), withdrew from states the entire subject of the regulation of the interstate carriage of freight and passengers and vested it exclusively in the Interstate Commerce Commission.

2. **Same; Interstate Business; Power of Regulation.**—The act above referred to places telegraph company within the operation of the commerce act to the complete exclusion of state law.

3. **Same.**—Any condition in an interstate message limiting liability of the company is valid, in the absence of a declaration to the contrary by the

[Western Union Telegraph Co. v. Hawkins.]

Interstate Commerce Commission, and cannot be interfered with by the state.

4. **Same.**—Since under the statute referred to conditions on the blank on which the message was written are valid until the contrary is declared by the Interstate Commerce Commission special pleas in an action for damages for failure to deliver an interstate message, setting up the conditions in the message were not subject to demurrer.

5. **Courts; State and Federal; Decisions; Conclusiveness.**—Where the Supreme Court of the United States has declared that state laws authorizing recovery of damages for mental sufferings for negligent failure to deliver an interstate telegram are invalid as unwarrantedly affecting interstate commerce a discussion of the validity of such laws in state courts is useless.

6. **Commerce; Negligent Failure to Deliver Message; Mental Anguish.**—In an action to recover for negligent failure to deliver an interstate death message it was error to refuse to instruct that damages for mental anguish could not be recovered.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. P. Hawkins against the Western Union Telegraph Company. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under section 6, Act 1911, p. 449. Reversed and remanded.

The action was ex contractu for a failure to deliver an interstate telegram sent to plaintiff at Notasulga, Ala., by his agent at LaGrange, Ga., announcing the death of the father of the sender and sendee, and the funeral arrangements. The only damages shown was the cost of the telegram and the mental suffering of the sendee. Defendant set up in separate special pleas the familiar printed stipulations on the back of the blank on which the message was originally written, particularly: (1) That the company would not be liable for mistakes or delays in the transmission or delivery or for the non-delivery of any unrepeated message beyond the cost of the message; and (2) that in any case it would not be liable beyond the sum of $50, unless the message was especially valued—$50 being the agreed value of this message by reason of its non-valuation. Demurrers to these special pleas were severally sustained, and trial had on the general issue. Defendant requested instructions to the effect that plaintiff could not recover any damages for mental suffering, and these were refused by the trial court.

RUSHTON, WILLIAMS & CRENSHAW, for appellant.  MERRITT & DEBARDELABEN, for appellee.

[Western Union Telegraph Co. v. Hawkins.]

SOMERVILLE, J.—The decisive question in this case is whether, under the interstate commerce law, as amended by Act Cong. June 18, 1910, c. 309, 36 U. S. Stat. at Large, p. 539, state laws regulating the contract, obligations, and liability of common carriers of interstate telegrams have been superseded and annulled by the provisions of the federal law. Section 1 of the amended act contains the following: "The provisions of this act shall apply * * * to telegraph, telephone, and cable companies (whether wire or wireless) engaged in sending messages from one state, territory, or district of the United States, to any other state, territory, or district of the United States, or to any foreign country, who shall be considered and held to be common carriers within the meaning and purpose of this act. * * * All charges made for any service rendered or to be rendered in the transportation of passengers or property and for the transmission of messages by telegraph, telephone, or cable, as aforesaid, or in connection therewith, shall be just and reasonable; and every unjust and unreasonable charge for such service or any part thereof is prohibited and declared to be unlawful: Provided, that messages by telegraph, telephone, or cable, subject to the provisions of this act, may be classified into *day, night, repeated, unrepeated, letter, commercial, press, government, and such other classes as are just and reasonable, and different rates may be charged for the different classes of messages.* * * *" (Italics supplied.)

Sections 13 and 15, as amended (Comp. St. 1013, §§ 8581, 8583), give to the Interstate Commerce Commission full power to investigate and determine and prescribe what *rates, regulations or practices* are just and reasonable, to be thereafter followed.

(1) The effect of the Carmack Amendment of June 29, 1906 (34 U. S. Stat. at Large, 584), was to withdraw from the states the entire subject of the regulation of the interstate carriage of freight and passengers, and to vest it exclusively in the Interstate Commerce Commission. Its primary purpose was to secure uniformity in classifications, rates, obligations, and liability. —*Adams Ex. Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *K. C. S. R. Co. v Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; *H. E. & W. T. Ry. Co. v. U. S.,* 234 U. S. 342, 34 Sup. Ct. 342, 58 L. Ed. 1341;

*So. Ry. Co. v. Prescott,* 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836.

(2) The language of the act as amended by the act of June 18, 1910, leaves no room for doubting that the purpose and effect of the amendment were to place telegraph, telephone, and cable companies, as to their interstate business, within the operation of the Commerce Act, equally with interstate carriers of goods and passengers, to the complete exclusion of state laws in regulation thereof.

(3) Nor can it be a matter of doubt that the stipulations with respect to the classification of defendant's messages, and the varying charges for their transmission and delivery, according to the liability of defendant for failure therein, are, within the express terms of the amendment, to be dealt with, as to their reasonableness and validity, only by the Interstate Commerce Commission. This means that until such regulations and practices are condemned by the commission they cannot be prohibited by state laws, nor pronounced invalid by state courts. This assumes, of course, that the regulations and practices in question have not already been condemned as invalid by the federal Supreme Court upon the general principles of the common law.

The whole subject has been recently considered in an able and exhaustive opinion by the Supreme Court of Oklahoma in the case of *W. U. Tel. Co. v. Bank,* 156 Pac. 1175, where all the late authorities are cited and discussed. In that case the same stipulations as to unrepeated messages were pleaded as in the instant case, and the conclusion was that such stipulations are binding on the sender of the message, state laws and decisions to the contrary notwithstanding, and that state courts are without jurisdiction to declare them unreasonable, unless so predetermined by the Commerce Commission.

The following authorities are specifically in point: *W. U. T. Co. v. Compton,* 114 Ark. 193, 169 S. W. 946 (followed in Id., 115 Ark. 564, 171 S. W. 859, *Western Union Tel. Co. v. Stewart,* 120 Ark. 631, 179 S. W. 813, and *Western Union Tel. Co. v. Sharp,* 121 Ark. 135, 180 S. W. 504) ; *Haskell, etc., Co. v. Post. Tel. Cable Co.,* 114 Me. 277, 96 Atl. 219; *W. U. T. Co. v. Bilisoly,* 116 Va. 562, 82 S. E. 91; followed in *Western Union Tel. Co. v. First Nat. Bank of Berryville,* 116 Va. 1009, 83 S. E. 424) ; *White v. W. U. T. Co.,* 33 Inter. Com. Com'n R. 500; *Williams v. W. U. T. Co.* (D. C.) 203 Fed. 146; *Gardner v. W. U. T. Co.,*

[Western Union Telegraph Co. v. Hawkins.]

231 Fed. 405, 145 C. C. A. 399.    There is indeed no difference of opinion on the subject.

(4) We, therefore, hold that the special pleas were not subject to the demurrers interposed, and the trial court erred in its rulings thereon.

It may be noted, in passing, that two state courts have held, on common-law principles, that the classification of messages by valuation is unreasonable, and that the limitations of liability based thereon are not binding on the sender.—*W. U. C. Co. v. Compton*, 114 Ark. 193, 169 S. W. 946, 948; *Treadway v. W. U. T. Co.* (Minn.) 158 N. W. 247.

(5) With respect to plaintiff's right to recover damages for mental anguish, as heretofore authorized by the decisions of this court, contrary to the decisions of the federal courts, a discussion by us of the influence of the Amendment of 1910 would be useless; since the Supreme Court of the United States has pointedly declared that state laws authorizing such a recovery are now invalid as unwarrantably affecting interstate commerce.— *W. U. T. Co. v. Brown* (1914) 234 U. S. 542, 34 Sup. Ct. 955, 58 L. Ed. 1457.    This decision has been followed by *W. U. T. Co. v. Compton, supra* (overruling the original decision contra, on rehearing), and *W. U. T. Co. v. Johnson*, 115 Ark. 564, 171 S. W. 859.

(6) It follows that the trial judge erred in refusing the instructions requested by defendant to the effect that damages for mental anguish could not be recovered in this action.

Other questions raised by the assignments of error need not be considered.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

ON APPLICATION FOR REHEARING.

SOMERVILLE, J.—Whether or not defendant's agent acted as the agent of the sender in his transcription of the message upon the company's blank form, so as to bind the sender by the stipulations printed thereon, would have been a material issue in the case under the special pleas erroneously eliminated on demurrer.    What defendant could and would have shown in that regard in support of its pleas cannot be measured by what was

[Western Union Telegraph Co. v. Hawkins.]

incidentally shown, the issue itself having been withdrawn, and evidence in its support being irrelevant and useless. Obviously, there, the error in eliminating the pleas cannot be pronounced harmless to defendant. But, apart from this, there was error in the refusal of instructions as to nonrecoverable damages, which would alone require the reversal of the judgment.

Whether the sender of the message was bound by any adoption of the printed stipulations will, of course, be a question of fact on the trial of the case.

Application overruled.