DURRE, Respondent, vs. WESTERN UNION TELEGRAPH COMPANY, Appellant.

*February 13—March 13, 1917.*

*Telegraphs: Delay in delivering interstate message: Recovery for mental anguish: State and federal statutes.*

1. Sub. 5, sec. 1778, Stats. (Laws 1907, ch. 165), giving a right to recover for mental anguish resulting directly from failure or negligence in delivering a telegram, was a valid exercise of the legislative power; but since Congress has, by the act of June 18, 1910 (36 U. S. Stats. at Large, 539, ch. 309), taken exclusive control of interstate telegraph business, no rights of action based upon such state legislation can arise as to that business except so far as they may be recognized by federal law or decisions.
2. Since the federal law still recognizes the common-law doctrine that mental anguish, except in cases affecting the liberty, character, reputation, personal security, or domestic relations of the party injured, cannot be the basis of an action and that such doctrine of nonliability applies in cases arising from negligence by a telegraph company in delivering messages, there can be no recovery under said sub. 5, sec. 1778, Stats., for mental anguish arising from delay in delivering interstate telegrams.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from an order granting plaintiff a new trial.

This was an action brought against the defendant ·telegraph company to recover damages. for the mental anguish to the plaintiff caused by the failure of defendant to promptly deliver a telegram sent to her at Kenosha, Wisconsin, from Henderson, Kentucky, January 1, 1916, announcing the expected immediate death of plaintiff's father.

In the special verdict the jury found failure of ordinary care in the delivery of the message; that plaintiff suffered no mental anguish as the result thereof; that the defendant's failure to deliver the message was not the proximate cause of plaintiff's mental suffering; that plaintiff could have reached Henderson, Kentucky, in time to attend her father's funeral after receiving the message; and that plaintiff suffered no damages.

After verdict and motions by the respective parties the court ordered that the verdict be set aside and a new trial granted without costs on the grounds that the verdict was perverse; that the court erred in the form of the verdict and in the instructions to the jury; and that justice had not been done.    From such order the defendant appeals.

For the appellant there was a brief by *Flanders, Boltum, Fawsett & Bottum,* attorneys, and *Albert T. Benedict,* of counsel, all of Milwaukee, and oral argument by *R. N. Van Doren* of Milwaukee.

*Calvin Stewart* of Kenosha, for the respondent.

ESCHWEILER, J.    The plaintiff claims a right of action to recover for mental anguish resulting directly from and proximately occasioned by the negligence of the defendant telegraph company in delivering the dispatch, and it is based entirely upon sub. 5, sec. 1778, Stats., which changed the rule of the common law on that subject as it had been recog-

nized by this court in *Summerfield v. Western Union Tel. Co.*
87 Wis. 1, 57 N. W. 973.    This statute so recognizing the
right to recover for mental anguish has been held a valid ex-
ercise of the legislative power.    *Nitka v. Western Union Tel.
Co.* 149 Wis. 106, 135 N. W. 492.

The defendant by its amended answer set forth in sub-
stance that by the federal statute of June 29, 1906 (34 U. S.
Stats. at Large, 584, ch. 3591), as amended by the act of
June 18, 1910 (36 U. S. Stats. at Large, 539, ch. 309), Con-
gress has taken exclusive control of interstate telegraph busi-
ness, thereby extinguishing, except so far as they may be
recognized by federal law or decisions, any rights of action
predicated upon state legislation or decisions of state courts.
The court below in its rulings upon defendant's offer of
evidence and motions for nonsuit and for a directed verdict
denied to defendant the right to rely upon such defense.

The provisions of the federal statutes applicable to the
case at bar in substance provide that a telegraph company
engaged in sending messages from one state to another of the
United States shall be considered and held to be a common
carrier; that all charges for any service rendered shall be
just and reasonable; that messages by telegraph may be clas-
sified into day and night, repeated, unrepeated, letter, com-
mercial, press, government, and such other classes as are
just and reasonable, and different rates may be charged in
the different classes; that it is unlawful to give any undue
or unreasonable preference or advantage to any particular
person, locality, or description of traffic in any respect what-
ever; that there must be filed by such company with the com-
mission created by the act and kept open for public inspec-
tion schedules showing all its charges, rules, regulations, and
practices.    The law also provides that if it shall appear that
any such regulations or practices are unjust or unreasonable
the interstate commerce commission shall change the same.

It is further alleged by the answer that among the regulations established by it and conditions made a part of the contract for the sending of the message in question were provisions stating that the message in question was an unrepeated telegram and paid for as such; that in consideration thereof the company should not be liable for mistakes or delays in the delivery of such unrepeated telegram beyond the amount received for sending the same, and that in any event the defendant should not be liable for any mistakes or delays in such delivery beyond the sum of $50, at which amount the telegram was valued.

If by this law Congress has assumed exclusive control of interstate business the liability of the defendant in this case must be determined under the federal law, and state statutes and decisions must stand aside. *Chicago, M. & St. P. R. Co. v. Rock Co. S. Co.* 162 Wis. 374, 379, 156 N. W. 607; *State v. C., M. & St. P. R. Co.* 136 Wis. 407, 415, 117 N. W. 686; *Cincinnati, N. O. & T. P. R. Co. v. Rankin,* 241 U. S. 319, 36 Sup. Ct. 555; *Atchison, T. & S. F. R. Co. v. Harold,* 241 U. S. 371, 378, 36 Sup. Ct. 665; *Southern R. Co. v. Prescott,* 240 U. S. 632, 639, 36 Sup. Ct. 469; *Southern R. Co. v. Railroad Comm.* 236 U. S. 439, 446, 35 Sup. Ct. 304; *Erie R. Co. v. New York,* 233 U. S. 671, 681, 34 Sup. Ct. 756; *Boston & M. R. Co. v. Hooker,* 233 U. S. 97, 110, 34 Sup. Ct. 526; *Atchison, T. & S. F. R. Co. v. Robinson,* 233 U. S. 173, 180, 34 Sup. Ct. 556; *St. Louis, I. M. & S. R. Co. v. Edwards,* 227 U. S. 265, 269, 33 Sup. Ct. 262; *Southern R. Co. v. Reid,* 222 U. S. 424, 442, 32 Sup. Ct. 140.

The supreme court of the United States has held and determined that the federal law still recognizes the common-law doctrine that mental anguish, except in cases affecting the liberty, character, reputation, personal security, or domestic relations of the party injured, cannot be the basis of an ac-

tion, and that such doctrine of nonliability applies in cases arising from negligence by a telegraph company in delivering messages such as the one here involved.

A similar message to the one in the case at bar was delivered to a telegraph company in South Carolina addressed to the plaintiff in that case in Washington, D. C., and by negligence of the defendant at Washington was not delivered to the plaintiff in time. Suit was brought in South Carolina, which had a statute similar to ours giving a cause of action for mental anguish. A judgment against the telegraph company was affirmed by the supreme court of that state (*Brown v. Western Union Tel. Co.* 92 S. C. 354, 75 S. E. 542) under this statute, and on appeal to the United States supreme court the judgment was reversed on two grounds, one of which was that the South Carolina act, as applied in that case, was an attempt to regulate conduct within territory wholly under the jurisdiction of the United States; and second, that if construed as attempting to determine the conduct required of the telegraph company in transmitting a message from one state to another by determining the consequences of not pursuing such conduct, it is objectionable as an attempt to regulate commerce among the states. *Western Union Tel. Co. v. Brown,* 234 U. S. 542, 547, 34 Sup. Ct. 955, citing *Western Union Tel. Co. v. Pendleton,* 122 U. S. 347, 7 Sup. Ct. 1126.

The same doctrine as applied to a statute similar to the one involved in this case and in the case just above cited is found in *Western Union Tel. Co. v. Simpson,* 117 Ark. 156, 158, 174 S. W. 232.

The federal courts will not recognize any liability for mental anguish arising from delay in delivering a burial casket. *Southern Exp. Co. v. Byers,* 240 U. S. 612, 36 Sup. Ct. 410, reversing *Byers v. Southern Exp. Co.* 165 N. C. 542, 81 S. E. 741.

A statute of Virginia providing a penal forfeiture of $100 for failure of telegraph company to make prompt delivery was held to be abrogated by the federal legislation and actions based upon such statutes were dismissed. *Western Union Tel. Co. v. Bilisoly,* 116 Va. 562, 82 S. E. 91; *Western Union Tel. Co. v. First Nat. Bank,* 116 Va. 1009, 83 S. E. 424.

The absolute control of the federal legislation is recognized in the following state decisions: *Bailey v. Western Union Tel. Co.* 97 Kan. 619, 156 Pac. 716, reaffirmed in 160 Pac. 985; *Western Union Tel. Co. v. Bank of Spencer* (Okla.) 156 Pac. 1175. The question is also fully discussed in *Gardner v. Western Union Tel. Co.* 231 Fed. 405.

The two cases cited by respondent on this proposition do not affect the result. The one, *Ivy v. Western Union Tel. Co.* 165 Fed. 371, was decided in the circuit court of appeals (*Western Union Tel. Co. v. Ivy,* 177 Fed. 63, 100 C. C. A. 481) on another point and expressly passed by without deciding the question as to whether the Arkansas statute giving damages for mental anguish was an interference with interstate commerce. The other case, *Vermilye v. Western Union Tel. Co.* 207 Mass. 401, 93 N. E. 635, held that a recovery might be had under a statute of Massachusetts providing penalty for failure to transmit a message, and that it was not contrary to the federal regulations nor an interference with interstate commerce in a case where the refusal to transmit was because of a claim of violation of defendant's rules and regulations by the placing of a sticker on the front of the message by the sender.

If rules and regulations of the defendant company are unjust and unreasonable the proper forum for relief is undoubtedly the interstate commerce commission, as suggested in the opinion of Justice BRANDEIS in the recent case of *U. S. v. Merchants & M. T. Asso.* 242 U. S. 178, 187, 37 Sup. Ct. 24.

The conclusion thus reached that there can be no recovery

under sub. 5, sec. 1778, Stats., for mental anguish arising from delay in delivering interstate telegraph messages renders unnecessary any consideration of the other questions raised on this appeal. There being no suggestion made in the pleadings, the evidence, or on this appeal that there is any other ground for liability in favor of the plaintiff than that arising from mental anguish, the case may properly be disposed of now.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the defendant dismissing the complaint with costs.