WESTERN UNION TELEGRAPH CO. v. BROWN.    (No. 1913.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 20, 1918. Rehearing Denied Feb. 28, 1918.)

COURTS ☞95(1)—STATE COURTS—CONFLICTING DECISIONS — NEGLIGENCE IN DELIVERY OF TELEGRAM—RECOVERY FOR MENTAL ANGUISH.

In applying the laws of another state as to recovery for mental anguish in case of negligence in delivery of a telegraph message, sent from that state to Texas, and following the rule that the law of the state from which the message is sent must govern as to damages, a decision of the Supreme Court of Texas that Congress has not, as to interstate messages, superseded state laws authorizing recovery for mental anguish, directly conflicting with a decision of the Supreme Court of such other state, will be followed, and recovery for mental anguish allowed.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by B. H. Brown against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Chas. S. Todd, of Texarkana, and Albert T. Benedict, of New York City, for appellant. Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. On December 21, 1915, the following message was sent from Bessemer, Ala., to the appellee at Nash, Tex:

"Father died at 12:30 p. m. to-day of pneumonia. [Signed] A. C. Boyd."

The testimony showed that A. C. Boyd was the brother of Mrs. B. H. Brown, and the purpose of the message was to notify her of the death of her father. This message reached Nash, Tex., early in the morning of the 22d of December, but was not delivered until some time the next day. The evidence further showed that the failure to deliver the message earlier was due to the negligence of the agents of the appellant, and that had they used reasonable diligence the message could have been delivered in time to enable Mrs. Brown to attend the funeral of her

father. This suit was filed by her husband, B. H. Brown, for damages in the sum of $1,000, based upon the mental anguish suffered by his wife as a result of the negligence charged.

The issues presented in this appeal are mainly questions concerning the law relating to mental anguish as an element of actual damages. It is contended that, this being an interstate message, the measure of damages must be governed by the laws of the United States and the rules of decision applied in the federal courts, and that under those laws and rules mental anguish· alone is not an element of actual damages. The facts are strikingly similar to those involved in the case of W. U. Tel. Co. v. Bailey, 184 S. W. 519, decided by this court at a former term, and which was approved by the Supreme Court of this state in 108 Tex. 427, 196 S. W. 516. The questions of law are also the same, and it is unnecessary to again discuss them. We feel constrained to adhere to our former ruling.

· The appellant, however, contends that under the laws of Alabama in force at the time this suit was filed mental anguish was not recoverable, and that under the rule which applies the lex loci contractus in measuring the damages the appellee was not entitled to recover for mental anguish. To support that contention it offered in evidence a decision by the Supreme Court of Alabama rendered in November, 1916, in W. U. Tel. Co. v. Hawkins (Ala.) 73 South. 973. The first paragraph of that opinion is as follows:

"The decisive question in this case is whether, under the interstate commerce law [Act Feb. 4, 1887, c. 104, 24 Stat. 379], as amended by the act of Congress of June 18, 1910 [36 Stat. 539, c. 309], * * * state laws regulating the contract, obligations, and liability of common carriers of interstate telegrams have been superseded and annulled by the provisions of the federal law."

After quoting from the law referred to, the court proceeds with a discussion of the question stated, and concludes that the act of Congress does supersede state laws, and that the measure of damages for negligence in failing to transmit ´and deliver interstate telegraphic messages must be governed by the rule of decision prevailing in ·the federal courts. Appellant contends that, had this suit been brought in Alabama, no damages could have been recovered for mental anguish. From that as a premise, counsel argues that the law of Alabama upon that subject no longer permits the recovery of mental anguish. It is evident from the opinion referred to that the Alabama court was not attempting to declare the law of that state, but was announcing what it regarded as the law of the United States which had superseded the state law of Alabama. It was merely construing an act of Congress, and declaring the consequences when found to be applicable to the state of facts then

being considered. The law as there an-· nounced, which it was held must control in such cases, is the federal law, which the state of Alabama is powerless to modify. That decision is in direct conflict with the later one rendered by the Supreme Court of this state in W. U. Tel. Co. v. Bailey, 108 Tex. 427, 196 S. W. 516. Suppose the route of the message in the present case had been reversed; that it had been sent from this state to a point in Alabama, and had been attended with the same results. In a suit in that state the Alabama courts, if they followed the rule announced in W. U. Tel. Co. v. Hawkins, would be compelled to deny a recovery for mental anguish, but upon the ground that the message, being an interstate contract, the federal law controlled, and not the law of the state where the message originated. Negligence in failing to deliver telegraphic messages is often regarded as only the breach of a contract, and the measure of damages is regulated accordingly. But in the case of W. U. Tel. Co. v. Brown, 234 U. S. 542, 34 Sup. Ct. 955, 58 L. Ed. 1457, such negligence was treated as a common-law tort. Since Congress has not attempted to prescribe the consequences of such torts, or to in any manner fix the measure of compensation, courts are justified in still treating such misconduct as a matter within the police powers of a state.

Appellant cites several authorities from other states which support its contention. These, however persuasive, are in conflict with the established rule of this state.

The judgment will be affirmed.