FRANKIE FREDERICK, Appellee, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

**TELEGRAPHS AND TELEPHONES:** Unrepeated Death Message—
1 Recovery. A contract provision in an unrepeated interstate telegraph message, duly approved by the interstate commerce commission, limiting recovery for delay or failure to deliver, to the amount paid for transmission, is reasonable and enforcible, and *applies to a death message.*

**TELEGRAPHS AND TELEPHONES:** Contract Limitation on Re-
2 covery. A contract provision in an unrepeated interstate telegraph message, limiting recovery for delay or failure to deliver (1) to the amount paid for sending the message, and (2) to an amount not, in any event, to exceed $50, permits a recovery up to $50, if the delay or failure to deliver was the result of *gross* negligence on the part of the telegraph company.

**TELEGRAPHS AND TELEPHONES:** Damages for Mental Pain and
3 Anguish. The rule of the Federal courts that recovery for mental pain and anguish which is independent of any other injury, may not be had in an action for delay or failure to deliver an interstate telegraph message, is binding on the state courts in like actions.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

NOVEMBER 23, 1920.

THE appellee, the sendee of an interstate telegraph message, obtained verdict and judgment for $250 on account

of alleged negligence in failing to deliver said telegram. The appellant contends that permitting this recovery was violative of valid contract limitations, under which there was no right to recover beyond a return of the amount paid for transmitting said message, and, in any event, no right to recover more than $50.—*Reversed and remanded.*

*Francis R. Stark, Smith & Rinard,* and *Miller, Kelly, Shuttleworth & Seeburger,* for appellant.

*H. J. Fitzgerald,* for appellee.

SALINGER, J.—I.   An interstate message, addressed to appellee, was of such character as that it advised the defendant mental pain and anguish might be suffered if said message was not delivered at all, or delivered too late.   While the fact is challenged by appellee, the record establishes that a contract between the parties was put in evidence.   It is a contract that has many times had the consideration of the courts.   So far as it is material to this controversy, it is an agreement that, as to unrepeated messages, there shall be no recovery for delay in delivery or failure to deliver, beyond the amount paid for transmission, and that, at all events, so far as unrepeated messages are concerned, the recovery for such failure to deliver, or delay in delivery, shall not exceed $50.   As said, the verdict was for a sum greater than $50.   It is absolutely settled that a contract limiting recovery in the case of unrepeated messages to the price paid for transmission is reasonable and enforcible— semble, one limiting recovery to $50; settled that it cannot be urged collaterally that such provisions are unreasonable, and that such attack must be done by direct proceedings before the interstate commerce commission.

1. TELEGRAPHS AND TELEPHONES: unrepeated death message: recovery.

There can be a valid contract that not more than was charged for sending an unrepeated interstate telegram shall be recovered for negligence in handling such mes-

sage. *Primrose v. Western Union Tel. Co.*, 154 U. S. 1 (14 Sup. Ct. Rep. 1098); *Postal Tel.-Cable Co. v. Warren-Godwin Lbr. Co.*, 251 U. S. 27 (40 Sup. Ct. Rep. 69); *Western Union Tel. Co. v. Bank*, 53 Okla. 398 (156 Pac. 1175); *Boyce v. Western Union Tel. Co.*, 119 Va. 14 (89 S. E. 106); *Williams & Sons v. Postal Tel.-Cable Co.*, 122 Va. 675 (95 S. E. 436); *Western Union Tel. Co. v. Lee*, 174 Ky. 210 (192 S. W. 70); *Meadows v. Postal Tel. & Cable Co.*, 173 N. C. 240 (91 S. E. 1009); *Haskell I. & S. Co. v. Postal Tel.-Cable Co.*, 114 Me. 277 (96 Atl. 219); *Williams v. Western Union Tel. Co.*, 203 Fed. 140; *Gardner v. Western Union Tel. Co.*, 231 Fed. 405.

It is true that in none of these cases was the message involved a so-called death message. But, since the ground upon which the validity of such an agreement is affirmed rests on affirming that such a limitation is upheld by the controlling Federal law, unless the interstate commerce commission holds it to be unreasonable, it is, of course, immaterial whether the contract is made as to a message not a death message, or as to a death message. See *Klotz v. Western Union Tel. Co.*, 187 Iowa 1355.

II.   Is it settled, because this proposition is established, that a clause in the same contract limiting liability to $50 is to be given no effect? It is true that gross negligence is not a distinct cause of action, and

2. TELEGRAPHS AND TELE-PHONES: contract limitation on recovery.

is but a degree of negligence, and that negligence without reference to degree is the basis of the right to recover. *Williams v. Western Union Tel. Co.*, 203 Fed. 140; *Milwaukee & St. P. R. Co. v. Arms*, 91 U. S. 489; and see *Denny v. Chicago, R. I. & P. R. Co.*, 150 Iowa 460, at 464, and *Railroad Co. v. Lockwood*, 17 Wall. (U. S.) 357. And we may concede the holding of the *Williams* case that, even where there is gross negligence, a contract which deals with unrepeated messages may limit recovery to the price charged for transmission. But it does not follow that, where the contract has a limitation to said price, and, as well, another that recovery shall not exceed $50, that the last pro-

vision has no effect. We think that, under familiar rules, it is our duty to construe these two provisions together. The trial court proceeded on the theory that more than the price received for sending the message could be recovered, if the handling of such message as the one before us was grossly negligent. We shall consider later whether such negligence will sustain recovery of more than $50. At present, we shall proceed as if the dispute were whether gross negligence in dealing with a "death message" will permit recovery beyond the price paid for transmission, and up to $50. On the question whether, in any event, more could be recovered if there were gross negligence, appellant first presents that the evidence is insufficient to show gross negligence.

It is undisputed that the message on its face showed that, unless it was delivered with reasonable promptness, the addressee might be caused mental pain and suffering, by being prevented from seeing her mother while still alive. The jury could find that the message was sent in care of one well known in the comparatively small town to which the message was addressed; that the agent of the defendant at that point met the addressee on the day on which the message should have been delivered, had reasonable care been used, and did not advise her that such a message existed. We are not saying that this constitutes gross negligence, as matter of law, but do say that a jury could find such negligence therefrom. To state the rule that there shall be no liability unless there be gross negligence, is one thing; to take from the jury the right to find whether there is sufficient evidence of gross negligence, is quite another. We have time and again declared that, though evidence must meet certain standards, it is primarily for the jury to say whether they have been met. This brings us to the effect of a finding of gross negligence. As said, the contract provision limiting recovery to the sum paid for sending must be construed in connection with that other part of the contract which does make a recovery up to $50 possible, even though the price for sending the mes-

sage is less than $50. We hold the correct construction of this contract as a whole to be that, where the telegraph company is grossly negligent, it may be made to respond for such negligence beyond the price paid for sending the telegram, but not to exceed $50. And we cannot construe the $50 limitation to be operative only where the message is a repeated one, because the contract provides that, as to such messages, up to 50 times the amount paid for transmission may be recovered; and it is, of course, manifest that 50 times the price paid for sending a telegram might be more than $50. We repeat, then, that, where there is gross negligence, the damages cannot, under the contract in this case, be limited to recovering back what was paid to forward the message, and that, if there be gross negligence, the company must, in addition, respond for damages sustained, up to $50. See *Durre v. Western Union Tel. Co.*, 165 Wis. 190 (161 N. W. 755); *Western Union Tel. Co. v. Johnson*, 115 Ark. 564 (171 S. W. 859). It is clear, then, that, so far as the verdict at bar exceeds $50, it cannot stand.

III. The question that remains is whether a verdict of $50 can be sustained. That question, stated in different terms, is whether the evidence discloses any fact that entitles the plaintiff to recover more than the 50 cents that was paid for sending her this telegram. She claims no injury except that, because of gross negligence, she has suffered mental pain and anguish.

3. TELEGRAPHS AND TELE-
PHONES:
damages for
mental pain
and anguish.

If she may recover for mental pain and anguish, disassociated from any other injury, a verdict for $50 is justified. This court and other courts of last resort have held that there can be a recovery based on nothing but mental anguish. Other courts of last resort have held to the contrary. But whatever the states may say on the question, it seems to be settled now that the state rule cannot govern, where the mental anguish sued for is the result of negligence in handling an interstate message. In Arkansas, recovery is permitted for mental anguish, standing

alone. But after the decision in *Western Union Tel. Co.
v. Brown,* 234 U. S. 542 (34 Sup. Ct. Rep. 955), *Southern
Exp. Co. v. Byers,* 240 U. S. 612 (36 Sup. Ct. Rep. 410),
and others of like import, the Supreme Court of Arkansas
held that, notwithstanding the said rule prevailing in
Arkansas, it could not be applied where an interstate mes-
sage was involved. Courts of last resort have universally
held that, since the Federal courts declare mental anguish
alone cannot be recovered for because the element of dam-
age is too vague and uncertain (see *Brown's* case, 234 U.
S. 542 [34 Sup. Ct. Rep. 955]; *Byers'* case, 240 U. S. 612
[36 Sup. Ct. Rep. 410]), no recovery can be had for mental
anguish suffered through the negligent handling of an in-
terstate message, no matter what the state rule has been
and is as to intrastate telegrams,—held that this attitude
on part of the Federal courts is controlling. See *Hall v.
Western Union Tel. Co.,* 108 S. C. 502 (94 S. E. 870);
*Norris v. Western Union Tel. Co.,* 174 N. C. 92 (93 S. E.
465); *Durre v. Western Union Tel. Co.,* 165 Wis. 190 (161
N. W. 755); *Western Union Tel. Co. v. Simpson,* 117 Ark.
156 (174 S. W. 232); *Western Union Tel. Co. v. Hawkins,*
198 Ala. 682 (73 So. 973); *Western Union Tel. Co. v. Lee,*
174 Ky. 210 (192 S. W. 70), in which last-named case many
of the authorities for this proposition are cited. And see
*Western Union Tel Co. v. Johnson,* 115 Ark. 564 (171 S.
W. 859); *Klotz v. Western Union Tel. Co.,* 187 Iowa 1355.

It follows that our own state rule must yield here, and
we must hold it was error to allow a recovery for mental
pain and suffering. This being an interstate message, and
the contract provision aforesaid being valid and effective,
and there being here no claim for any injury except the
loss of the 50 cents paid for sending the message, and
mental pain, suffering, and anguish, we are constrained to
hold that here nothing can be recovered beyond the price
paid for sending said message. Accordingly, the judgment
appealed from should be reversed.

IV. We are not minded to hold that the Federal rule
cannot be applied here merely because the defendant has

denied the existence of the message in question.

V. Both the sender and the sendee are bound by the contract. *Gardner v. Western Union Tel. Co.*, 231 Fed. 405; *Findlay v. Western Union Tel. Co.*, 64 Fed. 459; *Western Union Tel. Co. v. Bank*, 53 Okla. 398 (156 Pac. 1175); *Klotz v. Western Union Tel. Co.*, 187 Iowa 1355.—*Reversed and remanded.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.