## 9390

### TURMAN *ET AL.* v. SEABOARD AIR LINE RY. *ET. AL.*

#### (89 S. E. 655.)

1. COURTS—FOLLOWING FEDERAL DECISION.—In the case of an interstate contract of carriage, dependent on the act of Congress regulating passes for family of an employee (Act Cong. Feb. 4, 1887, c. 104, sec. 1, 24 Stat. 379, as amended [U. S. Comp. St. 1913, sec. 8563]), the decision of the Supreme Court of the United States that the corporation is not liable for punitive damages for wilfulness of servant, unauthorized or unratified by it, is controlling.

2. CORPORATIONS — WILFUL TORT OF SERVANT — LIABILITY.—A corporation is liable for compensatory damages for tort of servant in the line of his employment, though done wilfully or against express orders.

3. CARRIERS—LIMITING LIABILITY—CONSTRUCTION OF PASS.—Provision of a railroad pass for employee's family, saving the company from liability "under any circumstances, whether of negligence of servant or otherwise," will not be considered intended to include an intended wrongful act of a servant.

| Opinion of the Court. | [ 105 S. C. |
|---|---|

4. CARRIERS—LIMITING LIABILITY—PUBLIC POLICY.—Provision of a railroad pass for employee's family, saving the company from liability, if intended to include wilful wrongful act of a servant, is against public policy.

Before HON. C. J. RAMAGE, special Judge, Camden, Fall term, 1914.   Reversed.

Action by Bessie Mae Turman and husband against the Seaboard Air Line Railway and another. From a judgment for plaintiffs, the named defendant appeals.

*Messrs. Stevenson & Prince* and *Edward McIver,* for appellant, cite: *As to effect of stipulation on free pass:* 226 U. S. 491; 234 U. S. 576.   *As to punitive damages:* 147 U. S. 101; 95 Fed. 657; 112 Fed. 114; 124 Fed. 983; 91 Fed. 462; 128 Fed. 85; 96 Fed. 929.

*Mr. E. J. Best,* for respondent, submits: *Stipulation not valid as against wilful acts:* 192 U. S. 517; 75 S. C. 298; 87 Am. St. Rep. 265; 74 S. C. 102-104; 160 N. C. 196.

May 8, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for injuries to the body, sustained while the plaintiff was a passenger on the defendant's cars.   The jury returned a verdict for the plaintiff.

History: The plaintiff was traveling from Hamlet, in North Carolina, to Savannah, in Georgia.   She was riding on a "free pass," called an employee's trip pass.   On that ticket pass it was provided that the person accepting it agrees

---

FOOTNOTE.—As to validity of stipulation in free pass exempting carrier from liability for negligence, see notes in 4 A. & E. Ann. Cas. 557, 12 A. & E. Ann. Cas. 584, 1 L. R. A. 501, 37 L. R. A. (N. S.) 235 to 250.

that the carrier shall not "be liable under any circumstances, whether of negligence of agent or otherwise, for any injury to the person * * * of the passenger using the same." About four miles north of Denmark, in South Carolina, in the nighttime, the train ran into an open switch, and the plaintiff alleges she was thereby seriously injured in her body. There are five exceptions, but they all refer to one matter, and that is whether the plaintiff's contract on the free pass entirely bars her action. The Court charged the jury that the contract did bar the plaintiff to recover damages which resulted from the defendant's negligence, but that it did not bar the plaintiff to recover damages which resulted from the defendant's wilfulness. The Court also charged the jury that it might render a verdict for punitive damages if the defendant's act was wilful.

The Federal Court has distinctly held that punitive damages may not be assessed against the master corporation by the mere proof of wilfulness in the servant, but that such wilfulness must be brought home to the master itself, either by knowledge before the event or by ratification after the event. *Railroad* v. *Prentice,* 147 U. S. 108, 13 Sup. Ct. 261, 37 L. Ed. 97. The appellant relies on that case to acquit it. The respondent, however, urges that in matters of evidence, pleading, and procedure the trial Court must follow the local and not the Federal law, and that by the State law the jury might assess punitive damages. That is true, but this is not such a case. Had there been an effort to bring home to the defendant, other than through the engineer, a wilful mind or the ratification of a wilful act, then the competency of testimony and the weight of it would have been local and State question. But when the plaintiff rested with proof of wilfulness on the part of the engineer, and imputed that to the corporation, the Federal law denies such an inference; and in the instant case the Federal law must control, for the contract of carriage was interstate, and was dependent upon the act of Congress

regulating passes for employees' families. There was no contention here that the servant, engineer, was not wilful; the contrary we infer was assumed. The testimony shows that on a straight track, in the nighttime, running 58 miles an hour, he came upon an open switch with no signal light displayed; that it was his duty then to stop, which he did not do, but crashed into an open switch upon a string of gondola cars which occupied the siding.

If that be so, though not liable to be mulcted in punitive damages, it does not follow that the defendant is not liable to compensate the passenger for any injury of the body which she suffered by the accident. The defendant was not entitled to have a verdict directed for it for the sole reason that by the Federal law punitive damages may not be assessed against it. In the same case of *Railroad* v. *Prentice,* and in other cases cited in it, the Court holds that:

"A corporation is doubtless liable, like an individual, to make compensation for any tort committed by an agent in the course of his employment, although the act is done wantonly, or against the express orders of the principal."

So here, any bodily injury done to the plaintiff by the corporation's wilful engineer must be compensated for, unless the plaintiff's contract defeats her right to compensation. That is the next question to be decided.

The contract does not employ the word "wilfulness." It does employ the word "negligence." It saves the corporation from liability under any circumstances, whether of negligence of agents or otherwise. That is to say, the plaintiff agreed that the corporation should not be liable to her for accidents resulting from the negligence of the engineer, or for accidents resulting from other causes. There may be other causes for accidents than the negligence or the wilfulness of servants. It is significant that the word "wilfulness" was not employed. We shall not assume that the corporation intended to make itself irrespon-

sible for the intended wrongful acts of its servants unless that plainly appears from the words it has used.   But if it did so appear, the allowance of such a contract would militate against good order, and would be against public policy. The appellants cited us to no good authority for sustaining a contract against a carrier's wilfulness; and we hope there is none such.   But we do not know what factors entered into the verdict.   In such cases the verdict ought to express whether the finding is for actual or for punitive damages; and, if for both, then how much is for each.

For that reason there must be a new trial; it is so ordered.