## 5555

### DE LOACH *ET AL.* v. SOUTHERN RY. CO.

#### (90 S. E. 701.)

CARRIERS—OF GOODS—DELAY IN TRANSPORTATION—PUNITIVE DAMAGES—
CARMACK AMENDMENT.—Under the Carmack Amendment (Act June
29, 1906, c. 3591, sec. 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St.
1913, sec. 8592]) of the Interstate Commerce Act (Act Feb. 4, 1887,
c. 104, sec. 20, pars. 11, 12, 24 Stat. 386), as to carrier's liability for
"loss, damage or injury" to goods delivered to it for shipment, puni-
tive damages were not recoverable against a carrier for wilfulness
or wantonness of its servants in delaying transportation of goods
shipped, where it did not appear the carrier authorized or ratified
such acts, notwithstanding the later enactment of the Cummins
Amendment (Act March 4, 1915, c. 176, 38 Stat. 1196), providing for
liability of the carrier for the full "actual loss," etc., to goods shipped.

Before PRINCE, J., Hampton, February, 1916. Re-
versed in part.

Action by R. C. De Loach and another against the South-
ern Railway Company. From a judgment for plaintiffs,
defendant appeals.

*Messrs. B. L. Abney* and *J. W. Manuel,* for appellant,
cite: *As to cause of action for delay:* 240 U. S. 34. *As to
measure of carrier's liability:* 240 U. S. 632 and 612; 241 U.
S. 319; 109 N. E. 281; 89 S. E. 655.

*Mr. J. W. Vincent,* for respondent, cites: *As to punitive
damages:* 60 S. E. 405; 88 S. E. 269.

November 14, 1916.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

FOOTNOTE.—As to master's liability to exemplary damages for act of
servant, see notes in 48 L. R. A. (N. S.) 35 to 62.

This is an action for actual and punitive damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, in failing to transport within a reasonable time, a still kettle from Savannah, Ga., to De Loach, Spur, S. C., which was delivered to it for shipment in April, 1913. The defendant made a motion for a nonsuit, and, at the close of all the testimony, made a motion for the direction of a verdict, on the ground that punitive damages were not recoverable in such an action. The motions were refused, and the jury rendered a verdict in favor of the plaintiff, for $3.95 actual damages, and $500 punitive damages. The question raised by the appeal is whether there was error, on the part of his Honor, the presiding Judge, in refusing the said motions.

The amendment of the interstate commerce act known as the Carmack amendment, provides that:

"Any common carrier * * * receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, * * * to which such property may be delivered or over whose line or lines, such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier * * * from the liability hereby imposed."

There was another amendment to the interstate commerce act, passed in 1915 (Act March 4, 1915c, 176, 38 Stat. 1196), known as the Cummins amendment, which provides that:

"Any such common carrier, railroad, or transportation company so receiving property for transportation, * * * shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it,

* * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made, is hereby declared to be unlawful and void."

Then follows a proviso which is not applicable to this case.

In the recent case of *Turman v. Railway,* 105 S. C. 287, 89 S. E. 655, Mr. Justice Gage, who delivered the opinion of the Court, thus states, correctly, the rule that prevails in the Federal Courts as to punitive damages:

"The Federal Court has distinctly held that punitive damages may not be assessed against the master corporation by the mere proof of wilfulness in the servant, but that such wilfulness must be brought home to the master itself, either by knowledge before the event or ratification after the event" —citing *Railroad v. Prentice,* 147 U. S. 108, 13 Sup. Ct. 261, 37 L. Ed. 97.

There is no testimony tending to show such facts as would render the defendant liable for punitive damages.

In the Cummins amendment, which was adopted after the cause of action herein arose, the word "actual" is inserted before the words "loss, damage, or injury." It cannot, however, be inferred from such fact that the carrier, prior to such amendment, was liable for punitive damages, whenever there was wilfulness on the part of his servants. The word "actual" was intended to prevent the carrier and the shipper from entering into a contract, whereby the recovery of damages would be limited, to an amount less than the actual loss or injury sustained.

In the case of *Pierce v. Wells Fargo & Co.,* 236 U. S. 283, 35 Sup. Ct. 351, 59 L. Ed. 576, it was held that, under the Carmack amendment, the carrier and the shipper might enter into a contract, whereby the amount of recovery by

the shipper would be less than the actual damages which he sustained. The Cummins amendment was intended to prevent such agreements.

In the case of *Railway* v. *Koennecke,* 239 U. S. 352, 36 Sup. Ct. 126, 60 L. Ed. 324, the Court uses this language:

"There was a statute in South Carolina similar to Lord Campbell's act and allowing exemplary damages in the case alleged. In view of testimony brought out on cross-examination of the plaintiff's witnesses, the plaintiff asked leave to amend so as specifically to bring the case under the Employers' Liability Act of Congress of April 22, 1908c, 149, 35 Stat. at L. 65, Comp. Stat. 1913, sec. 8657; the declaration as it stood not disclosing in terms under which statute the action was brought. If it were read as manifestly demanding exemplary damages, that would point to the State law."

The same rule as to punitive damages is applicable to cases arising under the Carmack amendment as under the Federal Employers' Liability Act (Act April 22, 1908c, 149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657-8665]). The foregoing language must, therefore, be regarded as an intimation on the part of the Court that punitive damages are not recoverable, under the Federal statutes, for wilfulness or wantonness on the part of the servants, unless it should further appear that the master authorized or ratified such acts. The case of *Garrick* v. *Railway,* 53 S. C. 448, 31 S. E. 334, 69 Am. St. Rep. 874, shows that the provision in the Carmack amendment allowing a recovery for loss, injury, or damages does not include punitive damages.

It is the judgment of this Court that the judgment of the Circuit Court as to punitive damages be reversed.

Messrs. Justices Fraser and Gage concur in the opinion of the Court.

MESSRS. JUSTICES HYDRICK and WATTS did not sit in this case.