9562

HARMAN v. SOUTHERN RY. CO.

(90 S. E. 1023.)

1. CARRIERS—LIVE STOCK—NEGLIGENCE—PUNITIVE DAMAGES—CARMACK AMENDMENT.—Under the Carmack Amendment (Act June 29, 1906, c. 3591, sec. 7, pars. 11, 12, 34 Stat. 593) to the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, sec. 20, pars. 11, 12, 24 Stat. 386 [U. S. Comp. St. 1913, sec. 8592[) as to carrier's liability for "loss, damage, or injury," to goods, etc., delivered to it for shipment, punitive damages are not recoverable against a carrier for the mere wrongful acts of its servant not authorized nor ratified by it.

2. COMMERCE—INTERSTATE COMMERCE—ACT BY CONGRESS.—The acts of Congress relating to interstate commerce are exclusive in that respect, and no damages for injury to a shipment are recoverable except those allowed by the Federal statutes.

Before MOORE, J., Lexington, February, 1916. Reversed.

Action by T. L. Harman against the Southern Railway Company. Judgment for plaintiff for actual and punitive damages, and defendant appeals.

*Messrs. B. L. Abney* and *Johnstone & Cromer,* for appellant, cite: *As to recovery of punitive damages:* 89 S. E. 655; 109 N. E. 281; Carmack Amendment, 240 U. S. 34, 612 and 632.

FOOTNOTE.—As to carrier's liability to exemplary damages for act of servant, see *Deloach* v. *So. Ry. (ante),* 106 S. C. 155, 90 S. E. 701, and notes in 48 L. R. A. (N. S.) 35, 27 L. R. A. 193, 9 L. R. A. (N. S.) 403.

order refusing a nonsuit or direction of a verdict is not appealable

*Messrs. Melton & Sturkie, C. M. Efird, Timmerman & Callison,* for respondents, cite: *As to Carmack Amendment:* 95 S. C. 485; 98 S. C. 63; 78 S. C. 56; 99 S. C. 470; 226 U. S. 504. *Distinguish:* 89 S. E. 655.

December 23, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for actual and punitive damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, in causing injury to a carload of horses and mules shipped from Paris, Ky., to Lexington, S. C., on the 10th of January, 1913. The jury rendered a verdict in favor of the plaintiff for $984.40 actual damages and $765.60 punitive damages. (The actual damages were afterwards reduced to $759.90.)

The defendant demurred to so much of the complaint as alleged a cause of action for punitive damages, on the ground that it appears upon the face thereof that it fails to state facts sufficient to constitute a cause of action, in that:

(1) "This is an action for injury to freight and loss of freight, and any recovery to which the plaintiff may be entitled is limited to actual damages."

(2) "This action grows out of an interstate shipment, controlled by the Federal statutes regulating interstate commerce, under which any recovery to which the plaintiff may be entitled is limited to compensatory damages."

His Honor, the presiding Judge, overruled the demurrer, on the ground that:

"The acts of Congress, including the Carmack Amendment, do not deprive a shipper of his common-law right of action for punitive damages."

The case of *DeLoach* v. *South. Ry.*, 106 S. C. 155, 90 S. E. 701, shows conclusively that the ground upon which his Honor, the presiding Judge, based his ruling was erroneous. The respondent's attorneys admitted, upon the hearing of this appeal, that there was no testimony tending to show that the plaintiff was entitled to punitive damages under the Federal statutes. Such being the case it necessarily follows that he is not entitled to any punitive damages whatever, for the reason that the acts of Congress are exclusive in this respect, and no other damages are recoverable, except those allowed by the Federal statutes—this being an interstate shipment.

Judgment reversed as to punitive damages.