9868

HALL v. WESTERN UNION TELEGRAPH CO.

(94 S. E. 870.)

COMMERCE—"INTERSTATE COMMERCE"—TELEGRAMS—DAMAGES—MENTAL ANGUISH.—Contract for sending telegram from one State to another is one involving "interstate commerce," and, so governed by the Federal law, not allowing damages for mental anguish.

Before SHIPP, J., York, Spring term, 1917. Affirmed.

Action by Dennis K. Hall against the Western Union Telegraph Company.

*Mr. J. Harry Foster,* for appellant, cites: 91 S. E. Rep. 1009; 21 L. Ed. 146; 21 L. Ed. 710; 32 L. Ed. 346; 100 S. C. 469; 95 S. C. 431.

*Messrs. Albert T. Benedict, Thos. F. McDow, John Gary Evans,* for respondent, cite: Barnes' Interstate Trans. S. 28, p. 69, *et seq.;* 240 U. S. 403; 116 U. S. 517; 32 S. W. (Tex.) 889; 30 L. R. A. 713; 234 U. S. 542; 122 U. S. 347; 218 U. S. 406; 240 U. S. 612; 92 S. E. (N. C.) 1000; 220 U. S. 364; 162 U. S. 650; 91 S. E. 154; 116 Va. 562; 234 U. S. 542; 240 U. S. 612; 37 Sup. Rep. 405; 203 Fed. 140; 33 I. C. C. 500; 44 I. C. C. 670; 42 Wash. L. R. 722; 42 App. Cas. 398; 73 So. Rep. 983; 114 Ark. 193; 169 S. W. 946; Ark. 319; 179 S. W. Rep. 494; 117 Ark. 210; 174 S. W. Rep. 552; 117 Ark. 156; 174 S. W. Rep. 232; 97 Kan. 619; 156 Pac. 716; 99 Kan. 7; 160 Pac. 985; 164 Pac. 267; 174 Ky. 210; — S. W. Rep. 70; 114 Me. 277; 96 Atl. 219; 196 S. W. 28; 132 N. C. 390; 91 S. E. 1009; 93 S. E. (N. C.) 773; 156 Pac. 1175; 158 Pac. 1139; 162 Pac. 708; 23 Phila. Dist. R. 291; 59 Pa. Sup. Ct. 122; 92 S. C. 52;

192 S. W. 924; 119 Va. 14; 89 S. E. 106; 116 Va. 1009; 83 S. E. 424; 116 Va. 562; 82 S. E. 91; 91 S. E. 154; 91 S. E. 157; 161 N. W. 773; 222 U. S. L. Ed. 264; 57 S. E. 383; 147 U. S. 101; 41 Fed. 865; 103 Fed. 847; 109 Fed. 377; 174 Fed. 607; 105 S. C. 287; 106 S. C. 156; 239 U. S. 352.

January 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a directed verdict in favor of the plaintiff for 50 cents actual damages, by his Honor, Judge Shipp. The action was for damages for mental anguish.

There is one question raised by the exceptions, which, if answered in the affirmative, disposes of the case. Was the message upon which the complaint was predicated one involving interstate commerce? The evidence conclusively shows that the message was delivered by the plaintiff to defendant at Ft. Mill, S. C., to be sent by it to plaintiff's son at Madison, Wis. It was a message to be transmitted from a point in one State to a point in another State that made it a contract involving interstate commerce. That was the contract entered into between the parties, plaintiff and defendant. The Federal law governs and controls such contracts, and must control to the exclusion of all State laws which directly or indirectly affect the contract. The Federal law does not allow damages for mental anguish on interstate messages, and the contract between the parties was to transmit an interstate message, and under the law in such cases no damages for mental anguish are recoverable.

The exceptions are overruled.

Judgment affirmed.