## 10595.

### SON v. WESTERN UNION TELEGRAPH CO.

#### (106 S. E. 507)

COMMERCE—MESSAGE BETWEEN POINTS WITHIN STATE TRANSMITTED THROUGH ANOTHER STATE HELD INTERSTATE MESSAGE.—A telegraph message between two points in the State, unnecessarily transmitted through another State, is an interstate message, and not subject to State law permitting damages for delay of death message, preventing receiver from attending relative's funeral.

Before WILSON, J., Aiken, November, 1919.   Reversed.

Action by S. Son against Western Union Telegraph Co. From judgment for plaintiff the defendant appeals.

*Messrs. Francis R. Stark and Nelson & Gettys,* for appellant, cite: *Message was an interstate transaction*: 110 S. C. 169; 96 S. E. 248; 18 Fed. 10; 9 Sawy. 253; 187 U. S. 617; 236 U. S. 568; 59 L. Ed. 721; 91 S. E. (Va.) 157; 98 S. E. (Va.) 645; 204 S. W. (Kan.) 818. *Contrary decision of N. C. Court* (100 S. E. 351) *now on appeal to U. S. Supreme Court. Being an interstate transaction there can be no recovery for actual or punitive damages*: 110 S. C. 169; 108 S. C. 502. *Stipulation in contract limiting recovery to $50 was binding*: 112 S. C. 11; 99 S. E. 759; 233 U. S. 97; 241 U. S. 318; 156 Pac. 493: *Charge was on facts*: 85 S. C. 265. *Verdict should have been directed on punitive damages*: 84 S. C. 277. *Company had no notice of private arrangement addressee had*: 73 S. C. 218. *Fears and apprehensions of plaintiff were not proximate result of defendant's alleged default*: 70 S. C. 418. *Plaintiff suffered no mental anguish as defined in* 81 S. C. 235.

In reply: *Dickerson Case* (74 So. (Miss.) 799) *now on appeal to U. S. Supreme Court. And that Court has reversed a similar decision of the Mississippi Court*: 40 Sup. Ct. 69; *which reaffirms* 154 U. S. 1. *The Boegli*

*case* (115 N. E. (Ind.) 773) *has been reversed*: 40 Sup. Ct. 167, as has the Speight case (100 S. E. (N. C.) 351;) 254 U. S. 17.

*Mr. Julian B. Salley,* for respondent, cites; *Ample evidence to go to jury on punitive damages*s 88 S. C. 14; 90 S. C. 308; 92 S. C. 76. *On intrastate messages carrier not allowed to limit its liability from negligence*: 71 S. C. 509; 75 S. C. 528. *Jones Tel. & Tel.,* Sec. 376; 375 to 408; 201 S. W. (Ark.) 273; A. & E. Ann. Cas. 1912a-55. *Limitation of liability for a reduced rate does not apply to Telegraph Company*: *Jones,* Sec. 381; 218 U. S. 406. *Many States have held that carrier did not have power to classify messages and limit liability*: 20 (S. W. (Ark.) 273; 74 So. (Miss.) 779; 75 So. (Ala.) 393; 191 S. W. (Tex.) 192; 71 S. O. (Ala.) 183; 115 N. E. (Ind.) 773; 196 S. W. (Tex.) 516. *Cannot contract against willfulness*: 105 S. C. 287; 203 Fed. 140. *Message between two points in a State is intrastate message*: 180 S. W. (Ark.) 504; 104 N. E. (Ind.) 771; 100 S. E. (N. C.) 351; 101 S. E. 81 (N. C.;) 93 S. E. (N. C.) 467; 31 Stats. 651: *Rule as to freight was made because of the necessity of shipment through another State*: 29 S. C. 510; 81 S. C. 171; 81 S. C. 163; 92 S. C. 46.

March 29, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, in failing to deliver the following telegram:

"Batesburg, S. C.
"Mary Napper, Graniteville, S. C. Mother is dead; be buried at Leesville eleven o'clock to-morrow.    S. Son."

The message was delivered to the defendant for trans-

mission at 11 :30 o'clock on Sunday morning, but was not delivered at Graniteville until 7 :30 o'clock Monday morning, when it was too late for the plaintiff to attend the funeral of her mother. The plaintiff also received the message by telephone at 9 o'clock on Monday morning, and the telegram, likewise, by mail from Augusta, Ga., on Tuesday morning. The defendant has three direct wires leading from Batesburg to Graniteville, both places being in this State, and 38 miles apart. It also works in conjunction with the Southern Bell Telephone Company, and sometimes sends messages over the telephone wires.

The defendant offered in evidence an agreed statement of what J. B. Breland would testify, if present, which is as follows :

"On March 31, 1918, I was joint operator for the Southern Railway and the Western Union Telegraph Company, at Batesburg, S. C. The attached message was filed with me at 11 :50 a. m. March 31, 1918, and was sent by me to Charlotte, N. C., for relay, at 5 :25 p. m."

R. O. Johnson, telegraph operator for the defendant at Graniteville, testified that the telegram was received by him as No. 1, from Charlotte, N. C., on the morning of April 1, 1918. This was delivered to the plaintiff before she received either the telephone message from Batesburg, or the letter containing the telegram from Augusta, Ga.

The crucial point in the case is whether this was an interstate or an intrastate message. In the case of Western Union Telegraph Co. v. Speight, 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed.—, the facts were very similar to these in the present case. The jury found that the message was sent out of North Carolina into Virginia, for the purpose of fraudulently evading liability under the law of North Carolina, and gave the plaintiff a verdict. The presiding Judge then set the verdict aside "as a matter of law," and ordered a nonsuit. But on appeal the Supreme Court of

the State set aside the nonsuit, and directed that a judgment be entered on the verdict. Mr. Justice Holmes, who delivered the opinion of the Court, said:

"We are of the opinion that the Judge presiding at the trial was right, and that the Supreme Court was wrong. Even if there had been any duty on the part of the telegraph company to confine the transmission to North Carolina it did not do so. The transmission of a message through two States is interstate commerce as a matter of fact. * * * The fact must be tested by the actual transaction. * * * The Court below did not rely primarily upon the finding of the jury as to the purpose of the arrangement, but held that when, as here, the termini were in the same State, the business was intrastate unless it was necessary to cross the territory of another State in order to reach the final point. This, as we have said, is not the law. It did, however, lay down that the burden was on the company to show that what was done 'was not done to evade the jurisdiction of the State.' If the motive were material as to which we express no opinion, this again is a mistake. The burden was on the  plaintiff to  make out  her case. Moreover, the motive would not have made the business intrastate. *If the mode of transmission adopted had been unreasonable as against the plaintiff, a different question would arise; but in that case the liability, if it existed, would not be a liability for an intrastate transacton that never took place, but for the unwarranted conduct and the resulting loss.*"     (Italics added.)

Reversed.