· 11096

SMART *ET UX.* v. W. U. TELEGRAPH CO. *ET AL.*

(115 S. E., 319)

COMMERCE—STATE WITHOUT POWER TO PENALIZE DELAY IN DELIVERY OF TELEGRAM BETWEEN POINTS WITHIN STATE WHEN TRANSMITTED BY WAY OF POINTS IN ANOTHER STATE.—As telegrams transmitted between points in South Carolina by way of points in another State were interstate messages, the State had no power to impose a penalty for delay in delivery of such messages.

Before GARY, J., Georgetown, November, 1921. Affirmed.

Two actions by Hobson Smart and wife against the Western Union Telegraph Company. From a judgment of the Court of Common Pleas reversing a Magistrate's judgment for plaintiff, plaintiff appeals. Affirmed.

The decree below was as follows:

These cases are before me now on appeal from the judgment rendered in the Magistrate Court.

There is little, if, indeed, there is any, difference as to what are the facts out of which the appeal arose. From the statements of the opposing counsel I take them to be substantially as follows:

The defendant received at Conway, S. C., two messages relating to the fatal illness of the father of plaintiff, Eva C. Smart, from her sister, telling her to come to Conway. The first message received by defendant at 8:30 a. m., August 31, 1920, was delivered to plaintiff at 11 a. m., September 3d, and the second message received at 9 a. m. was delivered at 4:30 p. m., September 2d. Both messages were received at defendant's office in Andrews, S. C., at 12:15 p. m., August 31st. A third message received at Conway 2 p. m., August 31, 1920, and at defendant's office in Andrews S. C., at 4:10 p. m., and delivered to plaintiff at 5:00 p. m., August 31st. There was no line entirely within the State of South Carolina between Conway and Andrews, and it was necessary to forward message through North Carolina territory.

Plaintiffs base their action upon the Act of the General Assembly of the State of South Carolina, 1920, p. 725, which provides for the recovery of a penalty of $100.00 for the failure of any telegraph company to promptly transmit and deliver any message received by it for that purpose.

The defendant answered in each case by a general denial, and by way of affirmative defense, alleged that, although the messages described in the complaint were filed at Conway, S. C., addressed to Andrews, S. C., the only telegraph line owned and operated by it between the two points ran

through the Town of Chadbourn, N. C.; that the messages were transmitted over such line, and that by reason of such transmission they were transactions in interstate commerce, and, being such interstate commerce the Act of the General Assembly of the State of South Carolina, under which the suits were brought, was unconstitutional as being an attempt by the State of South Carolina to regulate interstate commerce.

The cases were consolidated and tried before Magistrate C. W. Rouse at Georgetown.

At the conclusion of the case, defendant's counsel moved for a directed verdict on the ground that the act under which the suits were brought was an illegal regulation of interstate commerce and therefore the penalty could not be collected. The magistrate held that, notwithstanding the fact that the messages were sent as a matter of necessity through the state of North Carolina, still as the point of origin and the point of destination were both in the State of South Carolina, the transaction did not constitute interstate commerce; that the South Carolina Penalty Act, under which suits were brought, was valid and applicable to the facts of the case and that the plaintiffs were entitled to judgment for the full amount of the penalty in each case. He accordingly entered up judgment for $100 in favor of the plaintiffs in each case.

From such judgments, the defendants duly appeal to the Court of Common Pleas for Georgetown County, and the matter now comes before the Court for hearing on such appeal.

Undoubtedly the messages were transmitted by way of North Carolina back to South Carolina. In the exceptions, it is contended that the rulings of the magistrate were erroneous for the reason (1) that it was physically impossible to transmit the messages by reason of the construction of the defendant's line other than through the State of North Carolina, and (2) that the messages were trans-

mitted over the line as constructed through the State of North Carolina, and also through the necessary relay offices in the State of North Carolina, and that by reason of either of these facts the telegrams were transactions in interstate commerce, and the penalty statute, attempting to give a cause of action for the delay in delivering the same, was an illegal exercise of power on the part of the State and therefore void.

Having determined that these messages were transmitted through North Carolina, there can be no question now that it was a transaction in interstate commerce.

Whatever may have been thought of such a proposition heretofore, since the cases of *Son v. Telegraph Company,* 115 S. C., 520; 106 S. E., 507; *Berg v. Telegraph Co.,* 110 S. C., 169; 96 S. E., 248, and other cases along the same line, it cannot now be questioned that when a message is transmitted from this State to another State, and is returned to this State, it is a transaction in interstate commerce.

It is equally as well settled that the State has not the power to legislate concerning such messages. It would be useless incumbering of the record to analyze the numerous cases bearing upon the question, but I will content myself with quoting from two cases of comparatively recent date:

In *Postal Telegraph Cable Co. v. Warren, Godwin Lumber Company,* 251 U. S., 27; 40 Sup. Ct., 69; 64 L. Ed., 118; Mr. Chief Justice White, delivering the opinion of the Court, said: "But we need pursue the subject no futher, since, if not technically authoritatively controlled, it is in reason persuasively settled by the decision of the Interstate Commerce Commission in dealing in the cases above cited, with the very question here under consideration, as the result of the power conferred by the Act of Congress of 1910; by the careful opinion of the ‧Circuit Court of Appeals of the Eighth Circuit dealing with the same subject (*Gardner v. W. U. Telegraph Company,* 231 Fed., 405); and by the

numerous and conclusive opinions óf State Courts of last resort which in considering the Act of 1910 from various points of view reached the conclusion that that Act was an exertion by Congress of its authority to bring under Federal control the interstate business of the telegraph companies, and, therefore, was an occupation of the field by Congress, which excluded State action."

Citing many authorities in *W. U. Tel. Co. v. Boegli,* 251 U. S., 315; 40 Sup. Ct., 167; 64 L. Ed., 281, Mr. Chief Justice White, speaking for the Court, said: "* * * We are of opinion that the provisions of the statute bringing telegraph companies under the Act to regulate commerce as well as placing them under the administrative control of the Interstate Commerce Commission so clearly establish the purpose of Congress to subject such companies to uniform national rule as to cause it to be certain that there was no room thereafter for the exercise by the several States of power to regulate, by penalizing the negligent failure to deliver promptly an interstate telegram, and that the Court below erred, therefore, in imposing the penalty fixed by the State statute."

These decisions are conclusive of the question and are binding on me. It is, therefore, hereby ordered that the appeal be sustained.

*Messrs. Iredell Hilliard* and *H. L. Smith, Jr.,* for appellant, cite: *Penalty Statute* (31 Stat., 725), *constitutional:* 162 U. S., 650; 42 L. Ed., 853; 42 L. Ed., 688; 42 L. Ed., 759; 42 L. Ed., 878; 43 L. Ed., 702; 44 L. Ed., 136; 46 L. Ed., 847; 44 L. Ed., 868; 53 L. Ed., 352; 54 L. Ed., 1088; 54 L. Ed., 411; 55 L. Ed., 498; 55 L. Ed., 291; 56 L. Ed., 257; 58 L. Ed., 1381.

*Messrs. Henry E. Davis* and *Willcox & Willcox,* for respondent, cite: *Message sent through North Carolina is interstate message:* 92 S. C., 43; 108 S. C., 502; 110 S. C., 169; 115 S. C., 520; 254 U. S., 17. *Decision in the James*

*case* (162 U. S., 650), *has been nullified by statute:* 36 U. S. Stat. at L. 539; 251 U. S., 315; 251 U. S., 27.

January 11, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These are actions for a penalty under a South Carolina statute, for failure to deliver telegrams.

The telegrams were sent from Conway, S. C., to Andrews, S. C., but were sent through Chadbourn and Wilmington, N. C. Appellant admits that they were, therefore, interstate messages. The defendant denied liability. The Magistrate found the defendant liable and gave judgment for the plaintiff. The defendant appealed. The appeal was heard by Hon. Frank B. Gary on circuit. He reversed the Magistrate's judgment. Let Judge Gary's decree be reported. From the judgment of reversal the plaintiff took this appeal.

The judgment appealed from is affirmed for the reasons stated.

It may be well to quote one other authority. In the case of *Telegraph Co. v. Brown,* 234 U. S., 542; 34 Sup. Ct., 955; 58 L. Ed., 1457.

"The Act also is objectionable in its aspect of an attempt to regulate commerce among the States. That is, as construed, it attempts to determine the conduct required of the telegraph company in transmitting a message from one State to another or to this district by determining the consequences of not pursuing such conduct, and in that way encounters." (Cases cited.)

The judgment appealed from is affirmed.