## 11384

### KING v. WESTERN UNION TELEGRAPH COMPANY

(120 S. E., 715)

1. COMMERCE—MESSAGE ROUTED OUT OF STATE AND BACK AGAIN HELD "INTERSTATE MESSAGE."—A telegraphic message sent between points within the State, but routed through another State, is an "interstate" message.

2. TELEGRAPHS AND TELEPHONES—PUNITIVE DAMAGES AND DAMAGES FOR MENTAL ANGUISH NOT RECOVERABLE BY ADDRESSEE OF INTERSTATE MESSAGE.—Neither punitive damages nor damages for mental anguish can be recovered for the negligent transmission of an interstate telegraphic message announcing the hour at which a funeral of plaintiff's sister would be held.

Before MAULDIN, J., Chesterfield, April, 1922, Affirmed.

Action by H. F. King against Western Union Telegraph Co. From a directed verdict for defendant plaintiff appeals.

*Mr. R. E. Hanna,* for appellant, cites: *Admissions of respondent's agent should have been admitted:* 102 S.

C., 5. *Death message puts company on notice:* 90 S. C., 506; 77 S. C., 174; 93 S. C., 119; 93 S. C., 173; 93 S. C., 176. *Question of whether this was intra state message and there was negligent delay was for the jury:* 90 S. C., 501; 90 S. C., 536.

*Messrs. Willcox & Willcox* and *C. L. Prince,* for respondent, cite: *Message was interstate and no damages for mental anguish can be recovered for delay in delivery:* 240 U. S., 612; 254 U. S., 17; 110 S. C., 169; 115 S. C., 520; 115 S. C., 319. *Punitive damages not recoverable:* 147 U. S., 101.

December 29, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $2,500 damages, actual and punitive, for mental anguish on account of the alleged delay in the transmission of a telegram.

The telegram, announcing the hour at which the funeral of a sister of the plaintiff would be held, was received for transmission at Florence, S. C., at 9:25 p. m., Saturday, July 31, 1920, addressed to the plaintiff at Chesterfield, S. C. It was transmitted to Chesterfield by way of Charleston, Charlotte, N. C., and Cheraw, S. C., and was received at Cheraw Sunday morning; the office being closed Saturday night. Telegrams for Chesterfield are forwarded by telephone from Cheraw. This one was so transmitted at 5 p. m. on Sunday.

At the close of the testimony the presiding Judge directed a verdict in favor of the defendant upon the ground that the message was interstate; that neither punitive damages nor damages for mental anguish could be recovered; that there was no evidence upon which a verdict of actual damages could be sustained; and that there was no evidence tending to show negligence on the part of the defendant.

Conceding that there may have been some evidence tending to show negligent transmission of the message, there was none of actual damages, and the presiding Judge's ruling upon the matter of interstate commerce, punitive damages, and damages for mental anguish is sustained by the cases of *Southern Exp. Co. v. Byers,* 240 U. S., 612; 36 Sup. Ct., 410; 60 L. Ed., 825; L. R. A. 1917A, 197. *W. U. Tel. Co. v. Speight,* 254 U. S., 17; 41 Sup. Ct., 11; 65 L. Ed., 104. *Berg v. Tel. Co.,* 110 S. C., 169; 96 S. E., 248. *Son v. Tel. Co.,* 115 S. C., 520; 106 S. E., 507. *Smart v. Tel. Co.* (S. C.), 115 S. E., 319; and *Lake Shore R. Co. v. Prentice,* 147 U. S., 101; 13 Sup. Ct., 261; 37 Sup. Ct., 97.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE MARION concur.

MR. JUSTICE FRASER concurs in result.