WESTERN UNION TELEGRAPH CO. *v.* WALLACE.

(Division A. Feb. 20, 1933.)

[146 So. 142. No. 30453.]

**Jno. A. Yeager,** of Lumberton, **Francis R. Stark,** of New York City, and **Davis & Davis,** of Purvis, for appellant.

**Sebe Dale,** of Columbia, for appellee.

Argued orally by **F. R. Stark** and **Jno. A. Yeager**, for appellant.

**Cook, J.**, delivered the opinion of the court.

The appellee instituted this suit in the circuit court of Marion county against the appellant, the Western Union Telegraph Company, for twenty-five dollars statutory penalty, and one thousand, five hundred dollars actual and punitive damages, for the alleged negligent delay of about three days in the delivery of an interstate message filed at Millport, Ala., for transmission to the appellee at Columbia, Miss.

The only damage alleged or proved was mental anguish caused by the failure of the appellee to reach the bedside of his mother before she became unconscious, her death having occurred a few hours after he reached her bedside. By demurrer to the declaration, and by special pleas, the appellant challenged the right of the appellee to recover the statutory penalty (Code 1930, section 7059), or damages for mental anguish, under the Act of Congress of June 18, 1910 (36 Stat. 539), and amendments thereto, regulating interstate commerce, including the transmission and delivery of interstate telegraphic messages (see 49 U. S. C. A., section 1 et seq.).

The demurrers to the declaration were overruled, and at the conclusion of the evidence, both parties requested peremptory instructions. The peremptory instruction requested by the appellant was refused, and the court peremptorily instructed the jury to return a verdict for the appellee for the statutory penalty of twenty-five dollars, and granted other instructions authorizing a recovery of damages for mental anguish and suffering,

if the failure to promptly deliver the telegram in question was the result of negligence on the part of the agents of the appellant. The verdict was in favor of the appellee for two hundred dollars, and from the judgment entered, this appeal was prosecuted.

By the Act of Congress of June 18, 1910, as construed by the Supreme Court of the United States, Congress has taken possession of the field of interstate commerce, and, as a result, the power of the state to legislate with reference thereto has been suspended; and, consequently, the right of the appellee to recover must be measured by the act of Congress and the common-law principles accepted and enforced by the Federal courts. Under the Federal rule, neither the state statutory penalty nor damages for mental anguish alone can be recovered; and punitive damages are not recoverable against a master for the willful or grossly negligent act of an agent or servant, unless he participated in the wrongful act, expressly or impliedly, or by his conduct authorized or ratified it before or after it was committed. Western Union Tel. Co. v. Norman, 121 Miss. 128, 83 So. 465; Postal Telegraph-Cable Co. v. Eubanks, 121 Miss. 530, 83 So. 678; Burleson v. Thomas, 123 Miss. 735, 86 So. 577. There is no proof in this record that the alleged negligent delay in delivering the message was authorized, participated in, or ratified by the appellant, and consequently there can be no recovery of punitive damages.

It follows from the views herein expressed that the peremptory instruction requested by the appellant should have been granted, and therefore the judgment of the court below will be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment here for the appellant.