## FORTIER v. WESTERN UNION TELEGRAPH CO.

### No. 16321.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

George Piazza, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans (Louis B. Claverie, of New Orleans, of counsel), for appellee.

JANVIER, Judge.

This suit was brought by Mrs. Edna Fortier White in a court of the state of Louisiana, to wit, the First city court of New Orleans. She seeks redress for the mental suffering she sustained because of undue delay in the delivery of a telegraphic message sent in Johnstown, Pa., addressed to her in New Orleans, and reading as follows:

"Aunt Edna Daddy on trip to Pittsburg became ill last night died this afternoon will be buried here."

She alleges that, though the message was sent on June 6, 1934, it did not reach her until June 13, whereas it should have been delivered within a few hours. She does not charge that she sustained any financial loss, or physical injury.

From a judgment maintaining an exception of no cause of action and dismissing her suit, she has appealed.

Respondent telegraph company maintains that the acceptance, transmission, and delivery of the message constitute a transaction in interstate commerce over which the Congress of the United States, by the Amendment in 1910 (Act June 18, 1910, § 7, 36 Stat. 544, as amended, 49 U.S.C.A. § 1) of section 1 of the Interstate Commerce Act of 1887, assumed control, and that, as a result, since neither the common law nor the federal courts recognize a right of recovery for mental anguish unaccompanied by financial loss or physical injury, there can be no recovery here.

Plaintiff contends that the transaction is not interstate in character and that, even if it be held to be interstate in character, nevertheless recovery may be permitted in the state courts of Louisiana because, by the interpretation placed by the Supreme Court of Louisiana on the state statutes, to wit, articles 2315 and 1934 of the Civil Code, there may be recovery here for mental suffering, even though not accompanied by financial loss or physical injury.

■ That the sending of a telegraphic message from one state into, or through another, is a transaction in interstate commerce, we entertain no doubt at all. There have been numerous decisions on the subject, but we deem it unnecessary to cite more than two, one by the Supreme Court of the United States and one by this court, which latter decision was expressly approved by the Supreme Court of Louisiana.

In Western Union Telegraph Company v. Speight, 254 U.S. 17, 41 S.Ct. 11, 65 L.Ed. 104, the Supreme Court of the United States said:

"The transmission of a message through two states is interstate commerce as a matter of fact."

In Baker v. Western Union Telegraph Co., No. 8174 of the docket of this court decided January 2 1922 (See Louisiana and Southern Digest), we held that the sending of a message from Biloxi, Miss., to New Orleans, is a transaction in interstate commerce.

Plaintiff contends that the facts of this case, as they appear from the allegations of the petition, warrant its being distinguished from the numerous cases to which we have alluded and from the two which we have cited in that here there was no delay in the transmission of the message from the state in which it originated into the state in which it was to be delivered, the entire delay having occurred in one state only, to wit, that in which it should have been delivered after its interstate journey—if it may be called a journey—had entirely terminated.

■ In the first place, the allegations of the petition do not charge that the delay occurred solely in one state after the interstate transmission had been completed, but, on the contrary, clearly charge that the delay had been caused "either by failure of the defendant company to transmit the same to New Orleans promptly or in the failure on the part of the defendant company * * * to properly deliver the same * * * in New Orleans. * * *" But, even if the petition had charged that the entire delay had occurred in the state of final delivery, that fact would not strip the transaction of its interstate character because the transaction must be looked upon as one indivisible movement from the receipt of the message from the original sender to the final delivery to the addressee. If that entire transaction was interstate in character, then it must be looked upon as a whole, and we cannot say that, because some portion of the service was necessarily to be performed in one state, any delay sustained in the performance of that particular service should be looked upon as an intrastate, or local matter, and treated from that point of view.

The actual transmission of a telegram requires only a few seconds and, wherever there is a delay in the transmission, that delay always occurs within the limits of only one state. Either the message is held at point of origin, or it is held at point of delivery, or it is not promptly relayed at some intermediate point. Thus, if plaintiff's contention be sound and if it be true that, where the tort, that is to say, the delay occurs, within the borders of one state, redress may be sought under the laws of that state and not under the common law as applied in the federal courts then in almost no case of such delay could it be said that the matter should not be controlled by the local laws of the state in which the delay may have occurred.

But it is well settled that the matter may not be so viewed. In Western Union Telegraph Company v. Czizek, 264 U.S. 281, 44

S.Ct. 328, 329, 68 L.Ed. 682, the Supreme Court of the United States held that a message delivered at a sending office in one state for transmission to another involves a transaction in interstate commerce even though it is not transmitted at all, and, hence, never crosses the borders of one state and enters another. There the court said:

"The moment that the message is received the contract attaches along with the responsibility, and the transit begins. We can conceive no legal distinction between that moment and the next when the message is handed to a transmitting clerk, or that on which a copy is given to a boy at the further end."

Counsel for plaintiff relies upon the decision of the United States Supreme Court in Schecter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, as authority for the view that, when an interstate shipment has reached its final destination in the state to which it is sent it then loses its interstate character and that thereafter any further movement involves only local or intrastate commerce.

There can be no doubt that it was so decided in that case. But the important point to determine is just when the interstate movement terminates and the local movement commences. There shipments of poultry were involved and it was contended that these shipments, which had been consigned from shippers outside the state of New York to commission merchants within New York, retained their interstate character even after sales by the commission merchants to retailers because of the fact that it was well recognized that the commission merchants would not be the ultimate consumers, or the ultimate sellers, and that, hence it was contemplated, when the shipments left their respective points of origin in the respective states from which they had come, that the entire transportation would not terminate until the poultry had found its way into the hands of retail dealers. The court held that the interstate character had ceased to attach when the shipments were delivered to the consignees and that, even though there must be further transportation within the state before the poultry could be consumed, such further movement would constitute local, or intrastate and not interstate commerce.

But we see no analogy between those facts and the situation which is found here. In no sense can it be said that the journey of the telegram had ended when it reached New Orleans. It is true that the form or method of transportation changed, for, whereas, up to that time the transmission had been by telegraph, from that time on it should have been either by telephone or by messenger. Still, the service to be performed by the defendant remained incomplete. The contention is obviously faulty and we shall devote to it no further consideration.

The delay, then, occurred in interstate and not in intrastate commerce.

It is well settled in this state in the case of Baker v. Western Union Telegraph Co., supra, that where delay in the transmission of an interstate message results in mental anguish suffered by the person to whom it should have been delivered, there can be no recovery in the courts of this state if that mental anguish is not accompanied either by financial loss, or by physical injury. The Baker decision is based upon the fact that in 1910 the Congress of the United States assumed control over the transportation of messages by telegraph among and between the various states.

It is now contended that the decisions on which the Baker Case is based were all decisions involving cases in which there was no state statute permitting recovery for damage resulting purely and solely from mental anguish and that the proper rule should be that, where a state statute permits such recovery, the state courts will award a judgment for such damage, even though there could be no recovery in the federal courts.

But it is well settled by the Supreme Court of the United States that the rule which prohibits recovery whether in the state court, or in the federal court, of damages for mental anguish due to delay or error in the delivery of an interstate message, is applicable in the courts of all states, whether such recovery is permitted by statute, or merely by the jurisprudence of the state not based upon statutory foundation. The rule results from the fact as stated in Southern Express Company v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, that where the shipment is interstate, the "rights and liabilities in connection therewith depend upon acts of Congress,

the bill of lading and common-law principles accepted and enforced by the Federal courts."

Recovery, then, may not be permitted, no matter what may be the foundation on which recovery within the state on an intrastate matter might be based, but it may only be permitted in accordance with the Acts of Congress and the common-law principles accepted and enforced by the courts. This principle has been well recognized in a great many states of the union, as well as by the Supreme Court of the United States, as is evidenced by many decisions to which our attention has been directed by counsel for defendant.

In Western Union Telegraph Co. v. Hawkins, 198 Ala. 682, 73 So. 973, 975, the Supreme Court of Alabama said:

"With respect to plaintiff's right to recover damages for mental anguish, as heretofore authorized by the decisions of this court, contrary to the decisions of the federal courts, a discussion by us of the influence of the Amendment of 1910 would be useless; since the Supreme Court of the United States has pointedly declared that state laws authorizing such a recovery are now invalid as unwarrantably affecting interstate commerce."

In Western Union Telegraph Co. v. Lee, 174 Ky. 210, 192 S.W. 70, 75, Ann. Cas.1918C, 1026, the Court of Appeals of Kentucky said:

"Before Congress took control of the subject of interstate telegrams state laws could incidentally affect them; since the act of 1910, they cannot. The whole subject of interstate telegrams, including the terms of the contract and the character of the recovery, are now controlled by the federal law; and as above shown, Lee's telegram was an interstate telegram.

"It follows therefore that the circuit court erred in sustaining the demurrers to the answer which sought to limit the company's liability under the contract, and in permitting a recovery for mental anguish."

In Western Union Telegraph Co. v. Wallace, 164 Miss. 759, 146 So. 142, the Supreme Court of Mississippi expressly referred to the fact that in Mississippi there is a statuory right to recover "damages for mental anguish alone," but held that, in spite of this fact, there can be no recovery where the message is transmitted in interstate commerce.

In Nichols v. Western Union Telegraph Co., 44 Nev. 148, 191 P. 573, 574, the Supreme Court of Nevada dismissed on demurrer a complaint for damages for purely mental anguish, holding that the state law had no application. The court said:

"If the federal statute is applicable, the state law is excluded by reason of the supremacy of the former."

In Norris v. Western Union Telegraph Co., 174 N.C. 92, 93 S.E. 465, 467, the Supreme Court of North Carolina stated that, though the construction formerly placed by it upon the Constitution and statutes of the state permitted a recovery for purely mental anguish nevertheless, in view of the decisions of the Supreme Court of the United States, there could be no such recovery where the message involved was transmitted in interstate commerce. The court said:

"Following the federal rule, we must hold that, as this is an interstate message, the plaintiff is not entitled to recover damages for mental anguish resulting from the defendant's negligence in not delivering the message in question."

To the same effect, see Hall v. Western Union Telegraph Co., 108 S.C. 502, 94 S. E. 870, 871, in which the Supreme Court of South Carolina said:

"The federal law does not allow damages for mental anguish on interstate messages, and the contract between the parties was to transmit an interstate message, and under the law in such cases no damages for mental anguish are recoverable."

See, also, Son v. Western Union Tel. Co., 115 S.C. 520, 106 S.E. 507; Berg v. Western Union Tel. Co., 110 S.C. 169, 96 S.E. 248; King v. Western Union Tel. Co., 127 S.C. 259, 120 S.E. 715; Ingram v. Hughes, 170 S.C. 1, 169 S.E. 425, 87 A.L. R. 1325; Western Union Tel. Co. v. Kilgore (Tex.Civ.App.) 220 S.W. 593.

It thus appears to have been well settled that, whether the recovery permitted in the state courts on intrastate transactions be based upon state statutes, or merely upon principles announced by the courts, there is, nevertheless, no right of recovery in any of the state courts for damages for mental anguish where the transaction involves the transmission of a message by telegraph in interstate commerce. So far as this state is concerned, the matter is definitely settled by the decision of this court in Baker v. Western Union Tele-

graph Co., supra. When that case was decided by this court, application for writ of certiorari was made to the Supreme Court. This application was denied by the Supreme Court in the following words:

"Writ refused because decree of Court of Appeal is correct."

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.

Affirmed.