## STOKES v. SOUTHERN RY. CO.
### No. 5950.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1949.

Decided Oct. 10, 1949.

Henry H. Edens, Columbia, S. C. (Henry Hammer, Columbia, S. C., on brief), for appellant.

W. C. Boyd and R. Beverley Sloan, Columbia, S. C., for appellee.

Before SOPER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

Ernest C. Stokes, an employee of Union News Company on the line of the Southern Railway Company, was injured when he fell through the open door of the baggage car of a train. He had agreed, as a condition of his employment, that neither his employer nor the carrier should be liable for any injury sustained by him in the course of his employment through the negligence of either of them; and it was stipulated, in view of this contract, that the carrier was not liable in this case unless the evidence showed that the carrier was guilty of gross negligence, recklessness, willfulness and wantonness. Kansas City So. Ry. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348; Turman v. Seaboard Air Line Ry., 105 S.C. 287, 89 S.E. 655; Williamson v. Seaboard Air Line Ry., 136 Va. 626, 118 S.E. 255. At the conclusion of the evidence on both sides in the District Court the judge granted a directed verdict for the defendant on the ground that negligence of this sort was not shown. After the trial, Stokes died and this appeal was brought by the administratrix of his estate.

In our opinion, the direction of the verdict in favor of the defendant by the District Judge was fully justified. The testimony of the injured man merely showed that he was engaged in the baggage car in cleaning up some trash which had become scattered as the result of his activity, and was in a stooping position performing this duty when he felt a lunge as the train was rounding a curve which threw him off balance against the side of the car where the door happened to be open so that he was thrown from the moving train. Whether or not the door happened to be open because of any intentional action on the part of the baggage man or other employee of the Railway Company, or because the door had not been securely fastened when the train left the last preceding station on the road, the plaintiff below did not undertake to say so that so far as his testimony was concerned this question was left merely to conjecture. The baggage man testified on the other hand that the accident happened when the injured man opened the door in order to throw the trash out of the car, and kept it open while the train was proceeding for a distance of about a quarter of a mile when he fell out and was hurt.

The appellant contends that the case should have been sent to the jury in order that they might determine whether or not the plaintiff opened the door himself, and

to infer, if they should accept the plaintiff's testimony on the point that the door must have been opened by the baggage man and wilfully left open until the injured man fell from the car. It is obvious, however, that this course would not have been proper, for even if the jury should have concluded that the plaintiff was telling the truth, it would still have been a matter of mere conjecture as to whether the door had been deliberately left open or had opened because it had been insecurely and carelessly fastened. Not only is this true, but there would have been no ground on which the jury could have based the conclusion that the door was left open through the gross negligence, recklessness, wilfulness and wantonness of the employees of the carrier.

Affirmed.